39234, 39235. BEARD v. BEARD (two cases).

PER CURIAM.

We granted applications for discretionary appeal in order to determine whether the trial court was correct in its ruling that the express provisions of a settlement agreement between the parties constitute a waiver by the husband of a right to seek a downward modification of his child support obligation, under the test set out in *Varn v. Varn,* 242 Ga. 309, 311 (248 SE2d 667) (1978).

The agreement provides that the parties "expressly waive any and all rights that they may have under Georgia Code Annotated Section 30-220 (a) to seek a revision of the Judicial Decree with respect to permanent alimony for Wife."

*Varn* holds as follows: "We therefore adopt the rule that parties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." Id., at 311.

Plainly, the agreement constitutes a waiver by both parties of

the right to seek modification with respect to permanent alimony for the wife. Nowhere therein, however, is any provision "in very clear waiver language which refers to the right of modification" of child support payments.

Accordingly, the interpretation of the trial court finding a waiver was not warranted by the terms of the agreement.

*Judgments in Cases Nos. 39234 and 39235 affirmed in part; reversed in part. All the Justices concur, except Weltner, J., disqualified.*

DECIDED JANUARY 4, 1983.

*Barwick, Bentley, Karesh & Seacrest, Sanford R. Karesh, Thomas S. Bentley, Edwin A. Tate,* for appellant.
*William H. Major,* for appellee.