39347, 39348. DANIEL v. DANIEL (two cases).

HILL, Chief Justice.

The parties were divorced in March, 1981. In connection with their divorce, they executed a separation agreement which provided that husband would pay wife a specified amount as alimony until she died or remarried. That section of the agreement dealing with alimony contained the following provision: *"Waiver.* Husband and wife hereby independently and expressly waive and release forever their right to petition for any modification of past, present, or future alimony payments in accordance with the existing or future laws and statutes of the State of Georgia or any other state or country in which the parties may be residing. . . ."

The former husband stopped making the alimony payments in December of 1981, and the wife filed an action for contempt. The husband responded by alleging that the wife had entered into a common law marriage, and her right to alimony was thereby terminated. He also filed a petition alleging that she had entered into a meretricious relationship as defined in OCGA § 19-6-19 (b) (Code Ann. § 30-220) (the "live-in lover" provision) and her alimony should be modified. The trial court found the evidence was not sufficient to establish a common law marriage and found that, by contract, the husband had waived the right to seek modification based upon the "live-in lover" provision. The husband's petition to modify was denied, and the husband was adjudged in contempt and ordered to pay all arrearages in alimony. We granted the husband's applications to appeal.

1. After reviewing the evidence we find that the trial court did not err in finding that there was no intent to enter into a common law marriage. *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608) (1943); OCGA § 19-3-1 (Code Ann. § 53-101). The trial court therefore did not err in holding the former husband in contempt for nonpayment of alimony.

2. Husband claims he should be allowed to seek modification under OCGA § 19-6-19 (b) (Code Ann. § 30-220).[1] This provision was

---

[1] "Subsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse, the voluntary cohabitation of such former

enacted in 1977, Ga. L. 1977, pp. 1253, 1255, and was in effect when the parties entered into their separation agreement. The husband asserts that to enforce the waiver provision with respect to the "live-in lover" statute would violate public policy. After hearing argument of counsel, the trial court ruled that the waiver was enforceable. We agree.

Relying on OCGA § 1-3-7 (Code Ann. § 102-106), the husband contends that enforcement of the waiver would contravene OCGA § 19-3-6 (Code Ann. § 53-107), which provides that: "Marriage is encouraged by the law. Every effort to restrain or discourage marriage by contract, condition, limitation, or otherwise shall be invalid and void. . . ." The flaw in this argument is that the law does not require as proof of a right to modify under OCGA § 19-6-19 (b) (Code Ann. § 30-220) that the former spouse who is allegedly cohabiting with a third person in a meretricious relationship would marry that third person were it not for the fact that such marriage would terminate alimony. Therefore it does not necessarily follow that enforcement of waiver of the right to modify discourages marriage.

There is an additional reason why this waiver agreement is not invalid as a restraint on marriage. In *Holder v. Holder,* 226 Ga. 254 (1) (174 SE2d 408) (1970), the parties agreed in their separation agreement that the wife would have custody of the children, but that in the event of her remarriage he would have custody. She remarried but refused to abide by the custody provision, arguing that it was invalid as a restraint on her remarriage. This court disagreed, holding that in order for a contract to be void as a restraint on marriage, the intent to impose a penalty for remarriage must be "manifest and exclusive," and that the custody provision did not show a "manifest intention" that the agreement operate as a restraint on the wife's remarriage. The case before us is even stronger. The former husband does not and cannot argue that he agreed to waive his right to modify alimony under OCGA § 19-6-19 (b) (Code Ann. § 30-220) with the intention of restraining his ex-wife from remarrying, because her remarriage would terminate his alimony payments to her and a husband is highly unlikely to intend to restrain termination of his alimony payments.

The General Assembly has enacted at least one provision which discourages remarriage in much the same way as the agreement here

---

spouse with a third party in a meretricious relationship shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former spouse. . . ." OCGA § 19-6-19 (b) (Code Ann. § 30-220).

in issue. OCGA § 19-6-5 (b) (Code Ann. § 30-209) provides that alimony shall terminate upon remarriage of the party receiving alimony, unless otherwise provided. This provision, by terminating alimony upon remarriage, discourages remarriage. Nevertheless, in a decision rendered prior to enactment of the predecessor of OCGA § 19-6-5 (b) (Code Ann. § 30-209), supra, Ga. L. 1966, p. 160, this court held that an agreement that alimony would terminate upon remarriage was not against public policy as a restraint upon remarriage. *Watson v. Burnley,* 150 Ga. 460 (2) (104 SE 220) (1920).

The former husband relies upon *Sims v. Sims,* 245 Ga. 680 (5) (266 SE2d 493) (1980). In *Sims,* we upheld the constitutionality of the "live-in lover" law, now OCGA § 19-6-19 (b) (Code Ann. § 30-220), against an equal protection attack, finding that there was a rational basis and valid governmental purpose for the classification, to wit: the state's interest in marriage. However, our upholding of the constitutional validity of the statute does not mean that its rights cannot be waived. Constitutional rights may be waived, as may rights created by statute.

If divorcing spouses wish to do so, they are at liberty to agree to waive the right to modify alimony based upon a change in the income or financial status of either former spouse, OCGA § 19-6-19 (a) (Code Ann. § 30-220), and preserve the right to modify alimony in the event of voluntary cohabitation in a meretricious relationship, OCGA § 19-6-19 (b) (Code Ann. § 30-220). The parties here did not do so.

In their agreement, which complies with *Varn v. Varn,* 242 Ga. 309, 311 (248 SE2d 667) (1978), the husband and wife expressly waived "their right to petition for any modification of . . . future alimony payments in accordance with the existing or future laws and statutes" of Georgia or any other state. Their agreement also provided: "Each party hereby acknowledges that he and she have been represented by an independent attorney of his or her own selection and choice in the negotiation and preparation of this Settlement Agreement. This Settlement Agreement has been fully explained to each party by such party's attorney. Each party has carefully read this Settlement Agreement and is completely aware not only of its contents but also of its legal effect. Since this Settlement Agreement is a joint effort of the parties and their respective attorneys, it should be construed with fairness as between the parties and not more strictly enforced against one or the other party. Each party has entered into this Agreement freely and voluntarily."

Less than a year after signing this agreement, the husband ceased making the payments agreed to therein, claiming that his waiver of the right to modification was invalid as against public

policy. There is a strong public policy in favor of enforcing contracts as written and agreed upon. After carefully reducing their agreement to writing and after full explanation of its contents and legal effect, the parties chose not to exclude OCGA § 19-6-19 (b) (Code Ann. § 30-220) from their waiver agreement. In fact, it appears that the parties intentionally increased the scope of the waiver language suggested in *Varn,* supra, 242 Ga. at 311, fn. 1, so as to include waiver of the "live-in lover" right of modification.

We find that waiver of the right to petition for modification pursuant to OCGA § 19-6-19 (b) (Code Ann. § 30-220) is not void as against public policy. Thus the trial court did not err in enforcing the waiver and denying the husband's petition for modification.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 19, 1983.

*Bogart, Moss & Clifford, J. Stephen Clifford,* for appellant. *Lawrence A. Cooper,* for appellee.