41495. PARKER v. PARKER.
(326 SE2d 451)

PER CURIAM.

This appeal involves construction of provisions of a settlement agreement pertaining to alimony and waiver of the right of modification thereof. John Henry Parker sued his former wife, Lavartha Parker, for downward modification of alimony. The former wife filed an answer and moved to dismiss on the ground that both parties had waived their right to an upward or downward modification of alimony. In the alternative she sought by counterclaim to increase alimony payments. The former husband responded with a motion to dismiss the counterclaim, on the ground that his former wife had waived her right to modify the alimony payments. The superior court denied the former wife's motion to dismiss the complaint, and granted the former husband's motion to dismiss her counterclaim. We granted the ex-wife's application for review, and now reverse in part.

1. In *Varn v. Varn,* 242 Ga. 309 (1) (248 SE2d 667) (1978), this court adopted "the rule that parties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." Id. at 311. In the instant case, the divorce decree incorporated the parties' settlement agreement. Paragraph 4 of the agreement provides that "[t]he

husband shall further pay to the Wife as alimony the sum of Three Hundred Dollars ($300) per month beginning with the month of the signing of this agreement and continuing monthly thereafter until the wife remarries or dies. In consideration therefor the Wife hereby waives her statutory right to future modifications of the alimony provided herein."

This agreement contains no "very clear waiver language" which refers to the former husband's right of modification, and the superior court therefore did not err by denying his former wife's motion to dismiss his complaint.

2. The former wife contends that, in the event we find that the former husband did not waive his right to seek downward modification, we should also hold that his effort to modify his contractual obligation to pay $300 per month alimony until she remarries or dies constitutes a failure of consideration which totally and permanently discharges the former wife's waiver, permitting her to achieve an upward modification beyond the contractual $300 per month. Her contention presents a close issue, but we conclude that the language in question — "In consideration therefor the wife hereby waives her statutory right to future modifications of the alimony provided herein," — does not meet the standard we established in *Varn v. Varn*, supra.

Standing alone, the phrase "the wife hereby waives her statutory right to future modifications," is clear enough. However, its prefatory phrase "In consideration therefor," together with the wording which ends the sentence, "of the alimony provided herein," create an ambiguity which supports several different interpretations of the parties' intent when they drafted the agreement.

To exemplify, the surrounding phrases could be mere surplusage, with no special meaning intended. Or, as seems a more reasonable interpretation, the language may have been designed to emphasize that the wife's waiver was being exchanged specifically for the husband's promise to pay $300 per month. Assuming without deciding that the latter interpretation reflects the intent of the parties, compounding the problem of interpretation is the document's silence as to whether the parties contemplated the possibility that the former husband might subsequently seek downward modification of the $300 per month, and what effect, if any, either the fact of filing a complaint for modification, or his actual success in obtaining a favorable judgment, would have on the former wife's undertaking. One possibility is that the parties never anticipated that eventuality. Another is that they did, but that the wife agreed to assume the risk, with no recourse. A third possibility, which seems the most reasonable, is that the parties anticipated the risk, and intended that if the former husband succeeded in reducing the alimony below $300, the wife would

thereafter be permitted to seek modification upward, but not in excess of the contractual amount of $300 per month. It is also possible that the husband's success in reducing the alimony, or as seems less probable, any attempt by him to seek reduction of alimony, would discharge her waiver entirely, thus freeing her to seek upward modification consistent with OCGA § 19-6-19, even beyond $300 per month.

In *Varn v. Varn*, supra, we concluded that the best interest of litigants, attorneys, and jurists lay in abandoning case-by-case construction of the efficacy of purported waivers, *Varn*, supra, 242 Ga. at 311, and held that a waiver provision is enforceable only if expressed in clear and unambiguous language, requiring no parol explanation. Here, it is impossible to discern from the Parkers' agreement whether they actually anticipated the possibility of a subsequent suit for modification by the husband, and whether, if they did, such a suit, or a judgment favorable to the husband, would operate to discharge the wife from her waiver. See generally *Kitfield v. Kitfield*, 237 Ga. 184 (227 SE2d 9) (1976). Accordingly, we hold that the language of the Parkers' agreement was not effective to waive the former wife's rights, and the trial court therefore erred by dismissing her counterclaim.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, J., who concurs specially, Hill, C. J., who concurs in the judgment only, and Clarke, Gregory, and Weltner, JJ., who dissent.*

BELL, Justice, concurring specially.

In the interest of providing a guide for the drafting of future agreements, I suggest the following waiver language, which draws upon the approved language of waiver in *Varn v. Varn*, 242 Ga. 309, 311 (fn. 1) (248 SE2d 667) (1978):

"The husband (or wife) shall pay to the wife (or husband) as alimony the sum of $_____ per month. The wife (or husband) hereby waives her (or his) statutory right to future upward modifications, based upon a change in the income or financial status of either party, of the alimony payments provided for herein or as subsequently modified by court order."

If the foregoing language is employed in a settlement agreement, it will, in my opinion, preserve one spouse's right to downward modification, while waiving, without qualification, the other spouse's right to upward modification in language which meets the requirements of *Varn*. In particular, the language "or as subsequently modified" should serve to clearly indicate that the right to upward modification is waived, regardless of whether the non-waiving spouse subsequently seeks or obtains a downward modification.

WELTNER, Justice, dissenting.

I dissent.

In *Varn v. Varn*, 242 Ga. 309 (248 SE2d 667) (1978) we sought, finally, to lay to rest the uncertainties and ambiguities which our opinions had created relative to the existence *vel non* of waiver of the right to seek modification. We held that "the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." 242 Ga. at 311.

As I interpret *Varn*, that means that if it is written down in words that the right to seek modification is waived, it is waived; if it is *not* written down in words that the right to seek modification is waived, it is *not* waived.

Here is what these parties agreed to concerning future modification of the right to receive alimony, and the obligation to pay alimony: "[t]he Husband shall further pay to the Wife as alimony the sum of Three Hundred Dollars ($300) per month beginning with the month of the signing of this Agreement and continuing monthly thereafter until the Wife remarries or dies. In consideration therefor the Wife hereby waives her statutory right to future modifications of the alimony provided herein." Hence, and according to *Varn*, it is clearly written down in words that the wife waived her right to seek modification. It is equally clear that *nowhere* is it written down in words that the husband waived his right to seek modification.

I fail to see any of the want of clarity for which the majority now vitiates the wife's waiver. Indeed, such an infusion of ambiguity into the plain and unequivocal language of the agreement has a potential for major mischief, casting doubt upon decrees containing similar language, and possibly precipitating new battles between permanently warring former spouses.

I am authorized to state that Justice Clarke and Justice Gregory join in this dissent.

DECIDED FEBRUARY 27, 1985 —
REHARING DENIED MARCH 28, 1985.

*Bips & Bips, Andrew Bips*, for appellant.
*Robert T. Romeo*, for appellee.