## 44475. BRENIZER v. BRENIZER.
### (360 SE2d 250)

BELL, Justice.

This is an appeal by a husband in his suit seeking a modification of alimony payments. The trial court dismissed the petition for modification on the ground that the right to modify had been waived by the written agreement between the parties which was incorporated into their final divorce decree. The portion of the agreement which the trial court was called upon to consider is as follows: "10. MODIFICATION. The provisions of this agreement shall not be modified or changed except by mutual consent and agreement of the parties, expressed in writing." The wife contends that the parties, through their settlement agreement, waived their statutory right to seek modification of alimony. We disagree.

"[P]arties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." *Varn v. Varn,* 242 Ga. 309, 311 (1) (248 SE2d 667) (1978). In the present case the waiver language in the agreement does not refer to the right of modification of alimony, or to any waiver of that right, and is therefore not sufficient to meet the test established in *Varn v. Varn.*[1] Accordingly, we reverse the order of

---

[1] See *Varn v. Varn,* supra, 242 Ga., fn. 1 at 311, for language which this court suggested would be sufficient to constitute a waiver of a parties' right to seek a modification of alimony. Also see *Daniel v. Daniel,* 250 Ga. 849 (2) (301 SE2d 643) (1983), and *Beard v. Beard,* 250 Ga. 449 (298 SE2d 495) (1983), for cases in which this court held that the language contained in the parties' settlement agreements was sufficient to meet the test of *Varn v. Varn,* supra.

the trial court.

*Judgment reversed. All the Justices concur, except, Smith, J., who dissents.*

SMITH, Justice, dissenting.

The majority of this Court when faced with a simple contract case has strained at a gnat and swallowed a camel.

The agreement between the parties consists of 11 paragraphs. Of importance to this decision are paragraphs 3, 8, 9, 10 and 11. Paragraph 3 provides that the husband shall pay alimony to the wife until he dies, she remarries, or she dies. Paragraph 8 provides that the purpose of the agreement is to settle "all alimony and property rights or claims . . . ." Paragraph 9 provides that the parties acknowledge that the agreement is "fair and equitable, that it is being entered into voluntarily, and that *all of the provisions of this agreement and their legal effect are fully understood.*" (Emphasis supplied.) Paragraph 10 provides that the "provisions of the agreement shall not be modified or changed except by mutual consent and agreement of the parties, expressed in writing. Paragraph 11 provides that the agreement contains the entire understanding of the parties.

If this case did not involve a divorce agreement this Court would not take one long look at it. So why then should this Court create special contract law to apply to divorce agreements? It should not!

In *Varn v. Varn*, 242 Ga. 309 (248 SE2d 667) (1978), this Court, because of its concern over the "variety of contractual phraseology, including magic words such as 'in full and final settlement,' " id. at p. 310, attempted to establish a rule regarding the proper language to be used by parties who wish to include non-modification clauses in their divorce agreements. That was the first mistake and this case is the second. Two wrongs never make a right.

The rule adopted in *Varn* is very simple. The parties may seek "modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." Id. at p. 311. The Court was trying to get away from magic words, but this case throws us back into the magic word business.

The parties to the agreement before us have a provision in their agreement marked "VOLUNTARY EXECUTION" in which each party acknowledged that the agreement was fair and equitable and that all of the provisions and "their legal effect are fully understood." Just below that paragraph is the provision marked "MODIFICATION" in which it is clearly stated that no provision can be modified without mutual consent, expressed in writing. As far as I am concerned, the *Varn* requirement was met. The agreement specifically re-

ferred to the right of modification and clearly stated that the agreement could not be modified except by mutual consent in writing. The parties agreed that they understood the "legal effect" of the agreement.

What will this Court uphold? Must the parties have a section marked "RIGHT OF MODIFICATION" and then state that nothing in this agreement shall be modified "including the parties' right of modification." That is nothing but a thaumaturgical word requirement and it is redundant. If *nothing in the agreement shall be modified*, then the parties' "right of modification" is necessarily included.

When parties to an agreement acknowledge that they understand the legal effect of their agreement and that the "provisions of the agreement shall not be modified," we should not allow a unilateral attempt to later modify the agreement, just because they failed to use some court fashioned magic words.

If this Court is going to require magic words then it should set out the exact magic words to be used and inform the bench and bar that if the exact words are not used the majority of this Court will not honor the intention of the parties, no matter how clearly those intentions are expressed.

It is fundamentally unfair to parties who have struggled to reach an agreement and who have relinquished rights in order to obtain a contract that is unilaterally non-modifiable to have it overturned because magic words were not used.

It is as clear as spring water what the parties to this contract intended to do, but because the majority wants to "shoe horn" this case into the *Varn* mold we are defeating and nullifying a contract legal in every sense of the word.

This agreement was drafted in orderly numbered paragraphs. The language is clear and concise, no extra verbiage, no double talk, just plain English. It cannot be argued with a straight face that the parties hereto did not understand their rights or know what they were agreeing to when they signed the agreement.

This case declares "open season" on divorce agreements. Those parties who have become disgruntled over time can now search for magic words and if they are unable to find them they can run to their nearest court and modify what until today was a binding non-modifiable agreement.

DECIDED SEPTEMBER 24, 1987.

*Fierman & Nolan, Martin L. Fierman,* for appellant.

*H. Samuel Atkins, Jr.,* for appellee.