A90A0430. OWEN v. OWEN.
(394 SE2d 580)

McMURRAY, Presiding Judge.

Chester W. Owen, Jr. (plaintiff) and Gail Lynn Owen (defendant) were divorced in the Superior Court of Muscogee County on May 31, 1985.[1] The issue of custody of their minor child was referred to the Juvenile Court of Muscogee County. After the parties consented to a joint custody agreement with physical custody of the child in the mother and specified visitation privileges to the father, these arrangements were incorporated into the final decree of divorce. On December 17, 1987, defendant filed a petition in the Superior Court of Muscogee County, seeking sole permanent custody due to an alleged change of circumstances adversely affecting the welfare of the minor child. Defendant denied the material allegations of the complaint and counter-claimed for contempt and for a modification of child support. The superior court ruled on the motion for contempt and, in an order entered July 21, 1988, "referred and transferred" the matters of child

---

[1] This case first appeared in this Court in *Owen v. Owen*, 183 Ga. App. 472 (359 SE2d 229). A judgment of the Juvenile Court of Muscogee County, denying plaintiff's motion for change of custody, was reversed because the juvenile court was not properly delegated jurisdiction of the matter as required by the provisions of OCGA § 15-11-5 (c).

custody and visitation to the Juvenile Court of Muscogee County. The superior court "held in abeyance" the issue of child support modification "until the determination of the Juvenile Court on the issues of custody and visitation."

On December 20, 1988, the superior court entered the following order: "THE ABOVE-STYLED CASE HAVING BEEN PUBLISHED IN ACCORDANCE WITH RULE 8.3 OF THE UNIFORM COURT RULES FOR PUBLICATION OF COURT DOCKETS ON A TRIAL DOCKET SCHEDULED FOR CALL AT 9:00 O'CLOCK, AM., ON THE 5TH DAY OF DECEMBER, 1988.

"WHEREUPON, ON CALL OF SAID DOCKET AS SCHEDULED, NO APPEARANCE WAS MADE BY PLAINTIFF OR PLAINTIFF'S COUNSEL, OR COUNSEL PRESENT REPRESENTING PLAINTIFF, [sic] MOVED FOR DISMISSAL;

"IT IS HEREBY ORDERED THAT THE ABOVE-STYLED CASE BE, AND THE SAME IS HEREBY DISMISSED WITHOUT PREJUDICE, AND THE CLERK OF THE COURT IS HEREBY DIRECTED TO ENTER THIS DISMISSAL OF RECORD AND TO DESIGNATE SAID CASE CLOSED.

"IT IS FURTHER ORDERED THAT ALL ACCRUED UNPAID COSTS IN THIS CASE BE, AND THE SAME IS, HEREBY CAST UPON THE PLAINTIFF."

Plaintiff filed a motion to set aside the dismissal, arguing that the superior court had no jurisdiction to dismiss the case because the issues of child custody and visitation remained in the juvenile court at the time of the dismissal. The trial court denied this motion and we granted plaintiff's application for discretionary appeal. *Held*:

" ' "A Court, having obtained jurisdiction, retains it until the final disposition of the cause." (Cit.)' *Slater v. Slater*, 216 Ga. 242, 245 (115 SE2d 353) (1960). See also *Brewer v. Williams*, 210 Ga. 341 (1) (80 SE2d 190) (1954); *Terhune v. Pettit*, 195 Ga. 793 (25 SE2d 660) (1943)." *Mitchell v. Mitchell*, 184 Ga. App. 903, 904 (1), 905 (363 SE2d 159). In the case sub judice, the superior court was without jurisdiction to dismiss plaintiff's complaint for modification of child custody. The issue of child custody had been properly referred to the juvenile court for determination pursuant to OCGA § 15-11-5 (c) and the juvenile court had not resolved the issue of child custody at the time the superior court dismissed plaintiff's complaint. Consequently, the superior court's order of dismissal was void and it was error to deny plaintiff's motion to set aside.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1990.

*Turner, Turner & Turner, Anne H. Jarrett,* for appellant.