## A92A2321. ARNAU v. ARNAU.
(429 SE2d 116)

JOHNSON, Judge.

Francis and Marsha Arnau obtained a divorce in November 1982. Under the terms of the divorce decree, Ms. Arnau was awarded custody of their minor female child and Mr. Arnau was awarded specified visitation rights. Ms. Arnau filed a petition to modify the divorce decree, seeking to terminate Mr. Arnau's visitation rights. The trial court entered a consent order on August 8, 1990, temporarily suspending Mr. Arnau's visitation rights until further order of the court. Following a trial on the merits of the modification petition, the court entered an order terminating Mr. Arnau's visitation rights with his daughter. We granted Mr. Arnau's application for discretionary appeal.

1. Mr. Arnau contends that the trial court erred by engaging in ex parte communications prior to making its ruling. We agree. The trial court acknowledged in its order terminating Mr. Arnau's visitation rights that it had conducted a post-trial ex parte meeting with one of the witnesses in the case, Dr. Ronald Berlin, a court-appointed psychologist. Although Mr. Arnau had the opportunity to cross-examine Dr. Berlin during the trial, he was denied the opportunity to cross-examine the witness with respect to any opinions he offered

during the post-trial meeting with the court, or to respond to any new allegations or other evidence which may have been presented to the court. See generally *Eason v. State*, 260 Ga. 445, 446 (396 SE2d 492) (1990). The facts in this case are similar to those presented in *Osgood v. Dent*, 167 Ga. App. 406 (306 SE2d 698) (1983). There, the trial court by its admission relied on certain documents not in evidence and on conversations with persons who were not called as witnesses at trial and whom the appellant consequently had no opportunity to cross-examine. In reversing the award of custody in that case, we held that "the court's acknowledged reliance on documents and testimony not in evidence was harmful error and highly prejudicial to appellant, thereby denying him the right to a thorough and sifting cross-examination of those offering evidence against him." Id. at 409 (2).

Ms. Arnau argues that the substance of the statements made by Dr. Berlin during the ex parte meeting was consistent with his testimony at the hearing and a psychological report he had authored which was admitted into evidence. There is no transcript of the ex parte meeting included in the record and therefore nothing to support Ms. Arnau's argument. Furthermore even if such a showing had been supported by the record, the fact that ex parte communication is merely cumulative would not make the consideration of such evidence harmless error. Ex parte communications are presumed to have been in error. See Uniform Superior Court Rule 4.1.

"[W]hen the court considers facts not properly in evidence, the other party has rights that can not be protected fully if he is thus denied the privilege of cross-examination. We know that citizens' rights and liberties are jeopardized when courts abandon the tried and proven court procedure of admitting only relevant evidence and producing witnesses who are subject to cross-examination." (Citations and punctuation omitted.) Id. at 410-411; see also *In re C. C. B.*, 164 Ga. App. 3, 5 (2) (296 SE2d 198) (1982). Because so fundamental a right was denied Mr. Arnau as a result of the ex parte meeting, we must reverse the judgment of the lower court with direction that pending a new trial on the matter the parties shall be governed by the consent order entered August 8, 1990.

2. In view of our holding in Division 1, we need not address the remaining enumerations of error.

*Judgment reversed and case remanded with direction. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*Custer & Hill, Douglas A. Hill*, for appellant.

*Richard L. Moore*, for appellee.