S95A0343. NELSON v. MIXON.
(457 SE2d 669)

BENHAM, Presiding Justice.

The parties were divorced in August 1991 by a judgment which incorporated the terms of a settlement agreement executed by the parties. In that agreement, "[t]he parties expressly waive[d] their right to petition for any modification of any of the terms of this agreement." In April 1994, asserting a "substantial downward change in [his] economical financial status," appellee/obligor spouse sought downward modification of the periodic child support payments he was required to pay under the terms of the divorce judgment. Appellant/ custodial parent sought dismissal of the modification action on the ground that appellee had waived his statutory right to seek modification. The trial court denied appellant's motion for summary judgment but certified the question for immediate review, and we granted her application for interlocutory review.

1. The statutory right to seek revision of periodic child support payments belongs to the minor child and not to the custodial parent; therefore, the custodial parent cannot waive, and the parents cannot bargain away the child's right to seek *increases* in child support pay-

ments. *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972). "Children . . . are not property, and absent a clear legislative declaration otherwise their support rights may not be bartered away by their parents. [Cits.]" *Worthington v. Worthington*, 250 Ga. 730, 731 (301 SE2d 44) (1983). However, an obligor parent may waive his or her right to seek a *reduction* of periodic child support payments. *Forrester v. Buerger*, 241 Ga. 34, 35 (244 SE2d 345) (1978). Inasmuch as appellee/obligor spouse was legally able to waive in the divorce judgment his right to seek in the future a reduction in the child support obligation, we must determine whether the language incorporated into the parties' 1991 divorce judgment is sufficient to authorize a waiver of the right to seek a downward modification of the obligation.

2. In *Varn v. Varn*, 242 Ga. 309, 311 (248 SE2d 667) (1978), this court announced that

> parties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right . . . in very clear waiver language . . . . [D]ecision[s] . . . finding waiver without express reference to the right of alimony modification will not be followed. . . .

In so doing, the court drew to a close an era wherein the availability of modification was limited strictly, and endorsed an approach which recognized the availability of modification *unless* the specific right to modify had been expressly waived. Id. The *Varn* court presented the bench and bar with an example of a waiver provision which would comply with their holding: " 'The parties hereby waive their statutory right to future modifications, up or down, of the alimony payments provided for herein. . . .'" Id., 242 Ga. at 311, n. 1. Waiver of the right to seek modification has since been found when the agreement incorporated into the divorce judgment stated that one or both of the parties waived a specific right to modify. *Schwartz v. Schwartz*, 256 Ga. 102 (344 SE2d 423) (1986) (husband waived his right to modification of his alimony obligation when the parties waived their right to file an action to modify the obligation to pay alimony); *Daniel v. Daniel*, 250 Ga. 849 (301 SE2d 643) (1983) (parties' express waiver of "their right to petition for any modification of . . . future alimony payments" constituted a waiver under *Varn v. Varn*, supra); and *Beard v. Beard*, 250 Ga. 449 (298 SE2d 495) (1983) (parties' waiver of "any and all rights that they may have under [OCGA § 19-6-19] to seek a revision of the Judicial Decree with respect to permanent alimony for Wife" constituted a waiver of the right to seek modification of the alimony obligation to the wife, but did not constitute a waiver of the right to seek modification of child support payments). See also *Geraghty v.*

*Geraghty*, 259 Ga. 525 (385 SE2d 85) (1989) (the waiver of the "statutory right to a modification" was sufficiently specific to constitute a waiver of the right to seek modification of the alimony award); *Brenizer v. Brenizer*, 257 Ga. 427 (360 SE2d 250) (1987) (no waiver of the right to modify was found because the language relied upon as the waiver did not refer to the right of modification of alimony or any waiver of that right); and *Parker v. Parker*, 254 Ga. 188, 189 (326 SE2d 451) (1985) (the court suggested that the statement "the Wife hereby waives her statutory right to future modifications" might constitute a waiver).

The language relied upon by appellant as constituting an express waiver of the right of appellee to seek downward modification of his child support obligation neither referred specifically to the right to seek modification of the alimony award, nor described appellee's right of modification as "statutory." As a result, the language did not waive the obligor parent's right to seek a downward modification of his obligation under either the *Schwartz* or *Geraghty* lines of cases, and the trial court did not err when it denied summary judgment to appellant on the issue.

Citing *Geraghty*, the dissent asserts that the parties' waiver of the "right to petition for any modification of any of the terms" of the settlement agreement is specific enough to constitute a valid waiver of appellee's ability to seek a downward modification of his child support obligation. That position is premised on the assumption that the only petition for modification which a party has a "right" to file is one seeking a change in child or spousal support under OCGA § 19-6-19. However, a party to a divorce judgment may exercise a statutory right under OCGA § 19-9-1 (b) and file a petition to modify the visitation set forth in the divorce judgment (*Williams v. Goss*, 211 Ga. App. 195 (438 SE2d 670) (1993)); a petition to terminate visitation rights awarded in the divorce judgment (*Arnau v. Arnau*, 207 Ga. App. 696 (429 SE2d 116) (1993)); or a petition to modify child custody. *Owen v. Owen*, 195 Ga. App. 545 (394 SE2d 580) (1990). Thus, mere reference to "the right to petition for modification" does not meet the specificity requirements of *Varn v. Varn*, supra.

*Judgment affirmed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

FLETCHER, Justice, concurring.

I agree that a party may waive the statutory right to seek modification of alimony or downward modification of child support through clear language that specifically identifies the right being waived. I write to express my concern that the courts may render unduly harsh decisions if we allow no flexibility in the application of this rule. Support obligations may span decades, or even a lifetime. A party may

agree to a waiver of the right to seek revision of support obligations in emotionally charged circumstances or without foresight to consider how the party's own circumstances may change in uncertain economic times. Additionally, support obligations differ from other debts in that the creditor may enforce the obligation through contempt of court and, generally, bankruptcy will not provide relief from these obligations.[1] For these reasons, public policy concerns may counsel against an inflexible approach to waivers of the right to seek revision of alimony or child support. Where a party's financial circumstances have changed so dramatically for reasons beyond the party's control, or where the financial terms exceed a party's ability to comply from the agreement's conception, a court in equity should be able to consider that fact, along with the support needs, in determining whether modification is in the best interests of all the parties.

CARLEY, Justice, dissenting.

In my opinion, the majority has misapplied *Varn v. Varn*, 242 Ga. 309 (248 SE2d 667) (1978) and its progeny in concluding that appellee herein did not waive his right to seek modification under OCGA § 19-6-19 of his obligation to pay alimony for the support of his minor children.

In this case, the agreement provided as follows: "The parties expressly waive their right to petition for any modification of *any* of the terms of this agreement." (Emphasis supplied.) The majority correctly concludes that while the child's right to seek *increases* in the amount of alimony to be paid for child support may not be waived, an obligated parent may waive the right to seek a *downward* modification of such alimony. Compare *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972) with *Forrester v. Buerger*, 241 Ga. 34, 35 (244 SE2d 345) (1978).

However, the majority then purports to follow *Varn* in determining that the language relied upon by appellant herein was not sufficient to waive appellee's right to seek a decrease in his child support obligation because the agreement "neither referred specifically to the right to seek modification of the alimony award, nor described appellee's right of modification as 'statutory.'" (Majority opinion, p. 443.) Thus, it would seem that the majority is holding that in order for a waiver to be effective, the language of the agreement must specify exactly what right of modification is waived. However, in *Geraghty v. Geraghty*, 259 Ga. 525 (385 SE2d 85) (1989), we found language providing that the parties "'waive their Statutory right to a modification now and forever'" to be sufficient. There was no mention in *Geraghty*

---

[1] 11 USC § 523 (a) (5).

of either "alimony" or "child support." And, of course, OCGA § 19-6-19 provides the procedure for modification of either alimony for the support of children *or* alimony for the support of a spouse. *Geraghty,* supra, 526, distinguished *Brenizer v. Brenizer,* 257 Ga. 427 (360 SE2d 250) (1987). In *Brenizer,* this Court found the waiver language insufficient because of the absence from the agreement of the word "waiver" and the lack of any reference to the "right of modification." In *this* case, the parties did "*waive* their *right* to petition for any *modification. . . .*" (Emphasis supplied.) This language would clearly be sufficient under *Geraghty* and *Varn.*

The majority cites *Williams v. Goss,* 211 Ga. App. 195 (438 SE2d 670) (1993); *Arnau v. Arnau,* 207 Ga. App. 696 (429 SE2d 116) (1993); and *Owen v. Owen,* 195 Ga. App. 545 (394 SE2d 580) (1990) as illustrative of the right of a party to file a petition for modification of some provision of a divorce decree *other* than one providing for alimony. However, this really begs the question because all of the cases cited by the majority involve the modification or termination of child custody or visitation and the right to initiate the underlying proceeding in each case arose from the *statutory* provisions of Chapter 9, Title 19 of the Office Code of Georgia Annotated. If the majority's premise were correct, this Court in *Geraghty* would not have found the waiver of the "*statutory* right to a modification" to be sufficient. (Emphasis supplied.)

In *Varn,* this Court stated: "We do not intend to adopt any 'magic words' test." *Varn v. Varn,* supra at 311. However, in reaching the result it does today, the Court has indeed adopted the "example" set forth in footnote 1 of *Varn* as the "magic words" which *must* be used to effect a waiver of the statutory right to seek modification. Because the Court is doing what it said it would not do in *Varn,* I must respectfully dissent.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED JUNE 5, 1995.

*Rountree & Souther, George M. Rountree,* for appellant.
*Leaphart & Johnson, J. Alvin Leaphart,* for appellee.