A01A0644. BIGGS et al. v. HERIOT et al.
(549 SE2d 131)

ELLINGTON, Judge.

Kathryn and Ben Biggs d/b/a K. B. Construction, Inc. appeal the trial court's order granting the application for final judgment filed by Kirk and Janet Heriot. The Heriots purchased a home built by the Biggses and later filed a demand for arbitration seeking damages for alleged construction defects. The arbitrator found in favor of the Heriots, and the award allowed the Biggses to pay the damages in monthly installments. The court confirmed the award by entering a consent order submitted by the parties which incorporated the arbitrator's award. In their application for final judgment, the Heriots asserted the Biggses were in default of the award as confirmed in the consent order and sought a judgment on the remaining balance plus interest. The Biggses contend the trial court erred in granting the Heriots' ex parte application for final judgment (1) without affording the Biggses notice and an opportunity to be heard; (2) based on an erroneous finding that the Biggses were in default; and (3) in an amount which allowed the collection of interest on the costs of the arbitration, in addition to interest on the principal amount of damages. Because the trial court erred in granting ex parte the Heriots' application for final judgment, we reverse.

The Heriots contend the Biggses were not entitled to notice of their application for final judgment and a hearing because the arbitrator's award provided that upon default and failure to cure default within the time allowed, "then the entire principal amount remaining shall be immediately due." The Heriots further rely on language in the consent order confirming the arbitration award, as follows:

In the event [the Biggses] fail to fully comply with the [a]ward, then upon application by [the Heriots] and a showing that [the Biggses] have failed to so comply, a final judgment shall be entered in this matter in favor of [the Heriots]

and against [the Biggses] for the full amount of the [arbitration] [a]ward left unpaid at that time.

The Heriots contend that "no hearing was required" by the terms of the award and the order. This court, however, does not sanction

the holding of ex ·parte hearings, except in the case of extraordinary matters such as temporary restraining orders and temporary injunctions. In other judicial hearings, both parties should be notified of the hearing with an opportunity of attending and voicing any objection that may be properly registered.

(Citation and punctuation omitted.) *Anderson v. Fulton Nat. Bank*, 146 Ga. App. 155, 156 (245 SE2d 860) (1978). See OCGA §§ 9-11-40 (b) (on reasonable notice to the parties, a trial court may try and determine issues for which a jury trial is not required or has been waived); 9-11-60 (f) ("Reasonable notice shall be afforded the parties on all motions.").

In this case, the trial court accepted the Heriots' averment that the Biggses violated the award and consent order by making payments after the first of the month without adding "accrued interest" to cure the default. The Biggses contend they complied with the provision in the award allowing them to cure a default by tendering payment by the fifteenth of the month. Even assuming default, the Biggses contend the Heriots calculated the award incorrectly by including interest not just on the principal amount of the award but also on the portion of the award representing costs of the arbitration proceedings. See OCGA § 9-12-10 ("No part of the judgment shall bear interest except the principal which is due on the original debt.").

Due process requires a mechanism by which the court, rather than a litigant, determines based on objective information whether the litigant is entitled to the relief requested. See *Killmaster v. Killmaster*, 208 Ga. App. 449, 452 (2) (a) (430 SE2d 817) (1993). We hold the trial court erred in accelerating the debt and entering judgment without giving the Biggses an opportunity to object to the Heriots' application and to present evidence and legal argument in support of their position. On this incomplete record, it is inappropriate for this court to consider whether the consent order, incorporating the arbitrator's award, is ambiguous as to the method for curing a default and, if so, whether the Heriots correctly construed the agreement in declaring a default. Accordingly, we reverse the judgment and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Johnson, P. J., and Ruffin, J., concur.*

DECIDED MAY 2, 2001.

*Wilson, Brock & Irby, James S. Teague, Jr.,* for appellants.
*Carey, Jarrard & Walker, Theodore W. Robinson,* for appellees.