A05A1839. CITY OF PENDERGRASS et al. v. SKELTON.

(628 SE2d 136)

BARNES, Judge.

The City of Pendergrass, the Pendergrass Police Department, Chief of Police Robert Russell, individually, and as supervisor of Officer Richard Jewell, and Officer Richard A. Jewell (collectively "the defendants") appeal the trial court's grant of a stay of proceeding under the Servicemembers Civil Relief Act, 50 USC Appx. § 522 ("the Act") to Eddie Dion Skelton, the plaintiff below. On appeal, they contend the trial court erred by granting the motion without giving them an opportunity to be heard, that Skelton was not entitled to relief under the Act, the length of the stay was overly broad, and because the order stayed all proceedings, including written discovery. For the reasons discussed below, we agree and remand the case for further proceedings.

Skelton filed a complaint against Jewell for false arrest, battery, kidnapping, false imprisonment, intentional and negligent infliction

---

[8] See *In the Interest of J. J.*, 259 Ga. App. 159, 165 (575 SE2d 921) (2003).

of emotional distress, and criminal defamation, and against Jewell's supervisor Russell, the Pendergrass Police Department, and the City of Pendergrass for negligent hiring, training, supervision and retention. All the defendants answered and served discovery upon Skelton. Skelton, however, did not respond to the discovery when it was due on December 27, 2004, or at any other time.

When the defendants attempted to obtain answers to the discovery in January 2005, they were advised that Skelton's National Guard unit had been recently activated, that he would be deployed in the near future, and that no response would be made to the previously filed discovery. Upon learning this information, the defendants served notice to take Skelton's deposition, but the deposition could not be scheduled, notwithstanding the promises of Skelton's attorney to provide dates when Skelton would be available for his deposition. Subsequently, on March 30, 2005, the defendants filed a motion for sanctions seeking dismissal of Skelton's complaint or in the alternative motion to compel discovery.

Skelton did not respond to that motion, but instead, on April 6, 2005, filed a motion to stay all the proceedings pursuant to the Act, until 90 days after Skelton's release from his active duty obligation. Attached to the motion was a letter from Skelton's commanding officer stating that "Skelton is a member of my command and is currently attending training at Fort Irwin, CA until 30 April 2005. Due to the circumstances of training SPC Skelton is unable to attend any legal proceedings." Although the motion asserted that Skelton was "in preparation for deployment to Iraq within the next 30 to 60 days," the commander's letter did not confirm that statement. The motion did not contain a certificate of service and the record does not show why the defendants were not informed of the motion.

That same day, and without hearing from the defendants, the trial court granted the motion and stayed all proceedings indefinitely, "but in no event beyond ninety (90) days past Plaintiff's discharge from this current active duty 'activation.'" As the motion and the trial court's order show that they were both filed with the clerk at 11:19 on April 6, 2005, the trial court apparently granted the motion before it was filed.[1]

Although the defendants filed a motion for reconsideration, it was not ruled upon before the notice of appeal was filed. The defendants have now appealed[2] contending the trial court erred by granting Skelton's motion ex parte and by granting relief to which Skelton was not entitled.

---

[1] Neither the motion nor the order contains a notation that it was filed with the court.

[2] " 'The grant or denial of a stay under the Soldiers and Sailors Civil Relief Act, supra, is

Although ordered to do so by this court, Skelton has not filed an appellee's brief. He also waived oral argument.

1. First, the defendants contend that the trial court erred by granting Skelton's motion to stay the proceedings, ex parte, because the motion was not an extraordinary matter which would authorize an ex parte hearing. Ex parte in this context means " 'a judicial proceeding, order, injunction, etc. . . . taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested. [Cits.]' Black's Law Dictionary (6th ed. 1990), p. 576." (Emphasis omitted.) *Cagle v. Davis*, 236 Ga. App. 657, 661-662 (4) (a) (513 SE2d 16) (1999).

Uniform Superior Court Rule 4.1 generally prohibits ex parte communications: "Except as authorized by law or by rule, judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding." And, ex parte hearings are only authorized

> in the case of extraordinary matters such as temporary restraining orders and temporary injunctions. In other judicial hearings, both parties should be notified of the hearing with an opportunity of attending and voicing any objection that may be properly registered. (Citation and punctuation omitted.) *Anderson v. Fulton Nat. Bank*, 146 Ga. App. 155, 156 (245 SE2d 860) (1978).

*Biggs v. Heriot*, 249 Ga. App. 461, 462 (549 SE2d 131) (2001). The exception for temporary restraining orders and temporary injunctions is an acknowledgment that such motions "quite often have to be obtained instanter, otherwise property may change possession, and the matter may become moot." *Grizzard v. Davis*, 131 Ga. App. 577, 578 (1) (206 SE2d 853) (1974). Ex parte communications are presumed to have been in error. *Arnau v. Arnau*, 207 Ga. App. 696, 697 (1) (429 SE2d 116) (1993).

As nothing in the record, and nothing in the motion itself, contains any basis for concluding that a danger existed that Skelton's legal position would change if the defendants were served with a copy of the motion and given the opportunity to respond and appear at the hearing, the trial court erred by granting Skelton's motion, ex parte. Moreover, as will be discussed more below in Division 3, it cannot be said that the motion and supporting documents so warranted the relief requested that the trial court's stay should be affirmed on that

---

a final judgment on the collateral matter of stay and is appealable.' *Moulder v. Steele*, 118 Ga. App. 87 (1) (162 SE2d 785) (1968)." *Underhill v. Barnes*, 161 Ga. App. 776, 776-777 (1) (288 SE2d 905) (1982).

basis. Accordingly, the trial court's grant of the stay under the Act must be vacated and the case remanded for consideration in accordance with the applicable sections of the Civil Practice Act and the Uniform Superior Court Rules.

2. The defendants next contend the trial court erred by granting an indefinite stay until 90 days after Skelton's discharge from his current active duty activation, whenever that might be, without considering their pending motion for sanctions which arose from conduct that occurred before Skelton became entitled to the protection of the Act. A trial court has the inherent power to prescribe the manner in which the business of the court shall be conducted which will not be interfered with unless it has been manifestly abused. *In re Schoolcraft*, 274 Ga. App. 271, 276 (3) (617 SE2d 241) (2005).

Nevertheless, in the circumstances of this case, we find such a manifest abuse of discretion. At the time the trial court granted Skelton an indefinite stay, his answers to the defendants' discovery were 100 days overdue, he had totally failed to respond to the discovery, and did not respond to the motion for sanctions. Moreover, nothing in the record shows when Skelton was called to active duty. The motion for the stay, filed April 6, 2005, merely states that Skelton was currently on active duty, the response from Skelton's attorney on January 13, 2005, stated that Skelton's National Guard unit had been recently activated, that he would be deployed to Iraq in the near future, and that no response would be made to the previously filed discovery because Skelton "had not provided [him] with the requested discovery prior to his activation." As Skelton's responses were due before the end of 2004, it seems unlikely that his activation and deployment had any connection with his failure to answer the defendants' discovery.

Additionally, the letter from the commanding officer also did not state when Skelton was activated. He merely stated that Skelton would be unavailable to attend legal proceedings apparently until April 30, 2005.

We note also that upon learning of Skelton's potential deployment, the defendants immediately served notice to take Skelton's deposition, but the deposition could not be scheduled, notwithstanding the promises of Skelton's attorney to provide dates when Skelton would be available for his deposition. According to the statement of facts in the defendants' appellate brief, they noticed Skelton's deposition for January 21, 2005, but at 6:30 p.m. on January 20, 2005, Skelton's attorney called and said that the deposition could not proceed as noticed because of a conflict in the attorney's schedule. We further note that the reason stated for rescheduling the deposition was not Skelton's activation or deployment, but his attorney's scheduling. Then,

[i]n exchange for defendant's agreement to reschedule plaintiff's deposition, plaintiff's counsel promised to advise defendants no later than January 25, 2005 of plaintiff's present whereabouts and provide available dates for plaintiff's deposition. . . . The promised information was never provided and numerous subsequent attempts to telephone plaintiff's counsel were unsuccessful. Therefore, on February 1, 2005, defendants served, via first class mail and facsimile, an amended notice to take plaintiff's deposition, this time for February 11, 2005. On the morning of February 11, 2005, however, plaintiff's attorney called and left a voice mail message stating that plaintiff was unavailable for his deposition that day. In the same message, plaintiff's attorney promised to telephone later that day to discuss rescheduling plaintiff's deposition. Again, plaintiff's attorney made no mention of whether plaintiff had been deployed, and if so, when; nor did plaintiff's attorney make any effort to communicate with defendants to resolve any of the outstanding discovery disputes.

The record does not show that Skelton's counsel ever disputed these allegations, and because of his failure to respond to the facts stated in defendants' appellate brief, he has consented to a decision based upon these facts. Court of Appeals Rule 25 (b) (1). Thus, we find that the trial court manifestly abused its discretion by not considering the defendants' motion for sanctions before granting the indefinite stay. *Vlasz v. Schweikhardt*, 178 Ga. App. 512, 514-516 (2) (343 SE2d 749) (1986). Accordingly, we direct that upon receipt of the remittitur from this court, the trial court consider the defendants' motion for sanctions upon the record existing in the trial court on April 6, 2005.

3. Finally, because we must consider whether the stay should have been granted notwithstanding the ex parte communication from Skelton, we must address the sufficiency of Skelton's application. The stay was sought under the Act. The Act provides that,

at any stage before final judgment in a civil action or proceeding in which a servicemember is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if certain conditions are met. An application for stay must include: [a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear; and a letter or other communication

from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

(Citations and punctuation omitted.) *King v. Irvin*, 273 Ga. App. 64, 67 (614 SE2d 190) (2005). Although earlier cases construing the Soldiers' and Sailors' Civil Relief Act have stated that a request for relief under the Act could be upon a bare statement of active military service, see *Parker v. Parker*, 207 Ga. 588, 589 (63 SE2d 366) (1951), Congress has now amended the Act to require that servicemembers include in their stay applications specific information supporting their request. *King v. Irvin*, supra, 273 Ga. App. at 67.

Although the commander's statement is sufficient to establish Skelton's unavailability on the date of the letter and until April 30, 2005, the evidence submitted in support of the request for a stay did not warrant the full stay granted. The commanding officer's letter did not mention whether or when Skelton would be deploying to Iraq, and did not state that Skelton could not take leave after that date. Therefore, we find that the application was not sufficient under the Act, and did not warrant the length of the stay granted.

Accordingly, the stay is vacated and the case is remanded with direction for further proceedings.

*Judgment vacated and case remanded. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 7, 2006.

*Freeman, Mathis & Gary, Theodore Freeman, Michelle J. Hirsch*, for appellants.

*Barry E. King*, for appellee.