**SECOND DIVISION**
**RICKMAN, J.,**
**REESE and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 29, 2019**

# In the Court of Appeals of Georgia

A19A0560. NAAR v. NAAR.

MARKLE, Judge.

After the trial court dismissed Robert Naar's petition to modify alimony and granted his ex-wife's motion for attorney fees under OCGA § 9-15-14 (b), Naar sought discretionary review in this Court. We granted his application for discretionary review, and this appeal ensued. For the reasons that follow, we affirm the trial court's dismissal of the petition for modification, but we reverse the award of attorney fees under OCGA § 9-15-14 (b).

The relevant facts are undisputed. Robert Naar ("Naar") and Judith Naar were married in 1978 and divorced ten years later. The final divorce decree incorporated the parties' alimony agreement, which obligated Naar to pay alimony of $1,500 per month until July 1992, and $2,000 per month thereafter until either one of them died

or Judith remarried. The alimony agreement contained a provision that waived the parties' rights to seek an upward or downward modification in alimony based upon a change in income or financial status, as permitted by *Varn v. Varn*, 242 Ga. 309, 311 (1) (248 SE2d 667) (1978).

Naar made the required payments until November 2017. After Naar failed to make the November payment, his ex-wife filed a contempt action. Naar filed a petition to modify his alimony payments on the ground that he was now 88 years old, retired, and living off a fixed income of $2,953 per month, which made the $2,000 per month alimony payment unmanageable. Although he acknowledged that the agreement included a *Varn* waiver, he cited Justice Fletcher's concurrence in *Nelson v. Mixon*, 265 Ga. 441 (457 SE2d 669) (1995), in support of his argument that, as a matter of public policy and equity, courts should not enforce such modification waivers in an inflexible manner. ,

Judith moved to dismiss the petition, arguing that Naar waived his right to seek modification. She also requested attorney fees under OCGA § 9-15-14 (b) because his request was frivolous in light of the waiver.[1] Although he conceded that *Varn*

---

[1] Judith later amended her request for attorney fees to seek fees as the prevailing party under OCGA § 19-6-19 (d) as well.

2

required his petition be dismissed, Naar opposed an award of fees on the ground that he was making a good faith attempt to challenge the Supreme Court's precedent in light of Justice Fletcher's concurrence. Judith then amended her request for attorney fees to seek fees as the prevailing party under OCGA § 19-6-19 (d) as well.

The trial court dismissed the petition for modification, explaining that, although it was sympathetic to the argument, Naar had waived his right to seek modification as part of the alimony agreement. The trial court also awarded attorney fees under OCGA § 9-15-14 (b). Naar filed an application for discretionary review, which this Court granted. He now appeals.

1. Naar first argues that we should certify the following question to the Supreme Court of Georgia: "Whether (a) exceptional circumstances and/or (b) public policy concerns revealed in Georgia law pertaining to the care and assistance of the elderly, can preclude enforcement of an otherwise valid *Varn* waiver." We cannot do so.

A party in a divorce action who is obligated to make periodic payments of alimony for the support of the former spouse may seek modification of the provision for alimony. OCGA § 19-6-19 (a). In *Varn*, however, the Supreme Court of Georgia explained that "parties to an alimony agreement may obtain modification unless the

3

agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification." *Varn*, 242 Ga. at 311 (1). Although the waiver must be express, there are no "magic words" that must be used to show that the parties waived any modification. Id.

Like the trial court, we are obligated to apply Supreme Court precedent and conclude that the waiver in the alimony agreement bars Naar's petition. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."). Any remedy Naar seeks must come from the Supreme Court.

Naar thus urges us to certify the waiver issue to our Supreme Court. We are, of course, permitted to certify a question in certain circumstances. See Ga. Const. of 1983, Art. VI, Sec. V, Par. IV. But,

> [i]f an answer by the Supreme Court of a question certified to it by the Court of Appeals would constitute a decision of the main case, the question cannot, under the Constitution, be answered. A certified question of law and fact will not be answered and, even if the question certified is one of law only, it will not be answered if such answer would necessarily control the decision of the case.

4

(Citations omitted.) *Kelly v. Ga. Cas. & Sur. Co.*, 216 Ga. 834, 835 (120 SE2d 329) (1961). Moreover, we may not certify a question to request that the Supreme Court review one of its own decisions. See *Cargile v. State*, 194 Ga. 20, 23 (1) (20 SE2d 416) (1942); *Adams v. Powell*, 67 Ga. App. 460, 462 (21 SE2d 111) (1942).

Here, certifying the question would necessarily control the outcome of the case and would essentially ask our Supreme Court to review its own decision. As such, we may not use our authority to certify the question, and we are therefore constrained to affirm the trial court's dismissal of the petition for modification.

2. In his next two enumerations of error, Naar argues that the trial court abused its discretion in awarding fees under OCGA § 9-15-14 (b) because it failed to make the requisite factual findings and his petition was a good faith attempt to change the law based on recognized persuasive authority. We agree.

We review a trial court's award of attorney fees under OCGA § 9-15-14 (b) for abuse of discretion. *Moore v. Hullander*, 345 Ga. App. 568, 572 (2) (c) (814 SE2d 423) (2018). Pursuant to OCGA § 9-15-14 (b),

> [t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked

5

substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. As used in this Code section, lacked substantial justification means substantially frivolous, substantially groundless, or substantially vexatious.

(Punctuation omitted.) OCGA § 9-15-14 (b); see also *Reynolds v. Clark*, 322 Ga. App. 788, 789-790 (1) (746 SE2d 266) (2013). Importantly, however, "[n]o attorney or party shall be assessed attorney's fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive authority." OCGA § 9-15-14 (c).

(a) There is no merit to Naar's argument that the trial court failed to make the requisite factual findings. See *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006) (the trial court's order awarding fees under this section "must include findings of conduct that authorize the award."). Here, the trial court explained that due to binding precedent, Naar's claims lacked substantial justification. Given that the *Varn* waiver was the issue in the case, the trial court's order sufficiently explains the basis for the award of fees.

(b) Nevertheless, we conclude that the trial court abused its discretion in awarding fees.

"[T]o the extent that the evidence relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that evidence and decide for ourselves whether the claim asserted below presented a justiciable issue of law." (Citations, punctuation and footnote omitted.) *Gibson Constr. Co. v. GAA Acquisitions I*, 314 Ga. App. 674, 676-677 (725 SE2d 806) (2012). "[F]or purposes of OCGA § 9-15-14, the relevant question is whether some authority arguably supported [Plaintiff's] position." (Citation omitted.) *Russell v. Sparmer*, 339 Ga. App. 207, 210 (1) (793 SE2d 501) (2016) (physical precedent only).

In the context of an award under OCGA § 9-15-14 (a), which is intended to discourage frivolous claims, we explained that an award was not warranted for "the presentation of questions of first impression about which reasonable minds might disagree or the assertion of novel legal theories that find arguable, albeit limited, support in the existing case law and statutes." (Citation omitted.) *Renton v. Watson*, 319 Ga. App. 896, 905 (4) (739 SE2d 19) (2013). Given that OCGA § 9-15-14 (b) defines lack of substantial justification as "substantially frivolous," we apply the same rationale to an award under OCGA § 9-15-14 (b).

7

Having reviewed the transcript in this case, then, we determine that the trial court abused its discretion in awarding fees under OCGA § 9-15-14 (b). Notably, Naar quickly conceded that his argument was barred by the *Varn* waiver, and thus he did not expand the litigation or act for purposes of harassment. See OCGA § 9-15-14 (b). Additionally, at the hearing on the motion for attorney fees, the trial court stated, "I'd like to see [this case] go up [on appeal] because I'd like to see a change. I agree with you, it should be changed, but that's not what the law is . . . . It's a good case to go up." Despite this commentary, the trial court nevertheless found that Naar's conduct in bringing the petition was without justification or for purposes of harassment. We conclude otherwise. *Exec. Excellence, LLC v. Martin Bros. Investments, LLC*, 309 Ga. App. 279, 288-289 (3) (710 SE2d 169) (2011) (reversing award of fees under § 9-15-14 (b) where reasonable minds differed as to the validity of the claims raised); *Brown v. Gadson*, 298 Ga. App. 660, 661 (680 SE2d 682) (2009) (although plaintiff did not prevail on her claims for a paternity ruling and child support, claims did not lack substantial justification as required to award fees under OCGA § 9-15-14 (b)); OCGA § 9-15-14 (c) (attorney fees not warranted where party argued in good faith to establish new legal theory).

Moreover, Naar's argument finds some – albeit limited – support from Justice Fletcher's concurring opinion in *Nelson*. 265 Ga. at 443-444. There, Justice Fletcher agreed that parties could waive the right to seek a modification of alimony, but he cautioned against applying such waivers rigidly and without concern for changed circumstances:

> I write to express my concern that the courts may render unduly harsh decisions if we allow no flexibility in the application of this rule. Support obligations may span decades, or even a lifetime. A party may agree to a waiver of the right to seek revision of support obligations in emotionally charged circumstances or without foresight to consider how the party's own circumstances may change in uncertain economic times. Additionally, support obligations differ from other debts in that the creditor may enforce the obligation through contempt of court and, generally, bankruptcy will not provide relief from these obligations. For these reasons, public policy concerns may counsel against an inflexible approach to waivers of the right to seek revision of alimony or child support. Where a party's financial circumstances have changed so dramatically for reasons beyond the party's control, or where the financial terms exceed a party's ability to comply from the agreement's conception, a court in equity should be able to consider that fact, along with the support needs, in determining whether modification is in the best interests of all the parties.

(Footnote omitted.) *Nelson*, 265 Ga. at 443-444 (Fletcher, J., concurring).

9

Given the trial court's obligation to follow precedent and Naar's prompt concession that the law was not on his side, we cannot conclude that the petition for modification is the type of conduct warranting an award of fees under OCGA § 9-15-14 (b). Where there is binding precedent, there is no other way to bring about a change in the law except to file an action the party knows will not be successful in the trial court. We are hesitant to penalize a party from seeking to be heard under such conditions. See *DeKalb County v. Adams*, 263 Ga. App. 201, 203-204 (587 SE2d 302) (2003) (although county's argument—that the court lacked authority to enforce its civil contempt order after the parties' settlement agreement expired—had been decided against it, the argument did not lack substantial justification and thus fee award was not warranted); *Harrison v. CGU Ins. Co.*, 269 Ga. App. 549, 554 (604 SE2d 615) (2004) (although party was unsuccessful in its position, it did not rise to level of frivolity necessary for award of fees).

Accordingly, we conclude that the trial court properly granted the motion to dismiss in light of the *Varn* waiver, and we affirm the trial court's order in this respect. We further conclude, however, that the trial court abused its discretion in awarding fees under OCGA § 9-15-14 (b), and we therefore reverse the trial court's award of fees under that provision.

*Judgment affirmed in part and reversed in part. Rickman and Reese, JJ.,* *concur.*