## 76268. IN THE INTEREST OF R. W.
(368 SE2d 824)

McMURRAY, Presiding Judge.

On October 28, 1987, R. W., who was then 16 years of age, appeared in the Juvenile Court of Henry County, Georgia and admitted the delinquent act of driving a motor vehicle 75 mph in a 55 mph zone. After adjudication, R. W. moved that the case be transferred for disposition to the juvenile court of the county of his residence, Spalding County. The Juvenile Court of Henry County denied this motion and "proceeded to make a disposition of the case at that point." A fine was imposed upon R. W. and R. W.'s notice of appeal was filed on November 25, 1987. On January 25, 1988, the Juvenile Court of Henry County rescinded its order of disposition of October 28, 1987, and ordered that the matter be transferred to the Juvenile Court of Spalding County (county of R. W.'s residence) for final disposition. *Held:*

1. "The filing of a notice of appeal serves to supersede a judgment, and while on appeal, the trial court is without authority to modify, supplement, or vacate its judgment. *Aetna Cas. &c. Co. v. Bullington*, 227 Ga. 485 (1) (181 SE2d 495); *Sumbry v. Land*, 127 Ga. App. 786 (1) (195 SE2d 228), and cits." *D. P. v. State of Ga.*, 129 Ga. App. 680, 681 (1) (200 SE2d 499). Accordingly, the Juvenile Court of Henry County's order, entered after the filing of the notice of appeal in the case sub judice, rescinding its order of disposition and transferring the matter to the Juvenile Court of Spalding County for final disposition, was a nullity and does not render moot the appeal from the prior judgment.

2. OCGA § 15-11-16 (b) provides, in pertinent part, that "if the adjudicating court finds that a nonresident child has committed an unruly or delinquent act, the adjudicating court *shall* after adjudication of delinquency or unruliness transfer the proceeding to the county of the child's residence for disposition." (Emphasis supplied.) It is undisputed that R. W. was a "nonresident child" as defined in OCGA § 15-11-16 (a) (2) at the time of the delinquent act and at the time of the adjudication of delinquency in that he then resided in Spalding County, Georgia. Consequently, the juvenile court erred in failing to transfer the case to the county of R. W.'s residence for disposition prior to the filing of R. W.'s notice of appeal. See *In the Interest of L. J. V.*, 180 Ga. App. 400 (349 SE2d 37).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1988.

*Timothy N. Shepherd*, for appellant.

*E. Byron Smith, District Attorney, Thomas R. McBerry, Tommy*

*K. Floyd, Assistant District Attorneys*, for appellee.