A02A0210. IN THE INTEREST OF C. F., a child.
(566 SE2d 387)

MILLER, Judge.

A juvenile court adjudicated C. F. delinquent for acts which if committed by an adult would constitute of kidnapping, burglary, possession of a firearm during the commission of a crime, and two counts of aggravated assault. On appeal C. F. contends that (1) the evidence was insufficient to support a finding, beyond a reasonable doubt, that the juvenile committed the acts charged, (2) the juvenile court abused its discretion by admitting evidence of prior inconsistent statements from one of the prosecution's witnesses, and (3) the juvenile court erred by failing to directly communicate its adjudication of delinquency to the juvenile courts of other counties where C. F. resided prior to proceeding to disposition. We discern no error and affirm.

On appeal from an adjudication of delinquency, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. *In the Interest of D. S.,* 239 Ga. App. 608 (521 SE2d 661) (1999). The evidence is examined under the standard of *Jackson v. Virginia,* 443 U. S. 307

---

[2] *Cronan v. State,* 236 Ga. App. 374, 377 (2) (511 SE2d 899) (1999).

(99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings. *In the Interest of J. D.*, 243 Ga. App. 644 (534 SE2d 112) (2000).

So viewed, the evidence reveals that several employees who worked at the same McDonald's restaurant as C. F. were closing the restaurant late one night. Earlier that same evening, one of the employees saw C. F. leave work in a turquoise sport utility vehicle. While the employees were closing the McDonald's, several males wearing masks and gloves approached the drive-through window. One of the perpetrators, who had a gun, forced his way into the restaurant through the drive-through window and held two of the employees at gunpoint. The male with the gun did not speak but tried to pull one of the employees from the drive-through window and grabbed the other employee in an attempt to force him to the front of the store. When the perpetrators saw the manager on the phone calling the police, they fled the scene and escaped in the same SUV that C. F. had left work in earlier that evening.

Prior to this incident at work, C. F. had talked to several people about robbing the McDonald's. Three witnesses also testified that C. F. asked them to help him rob the McDonald's. One of these witnesses testified that two days before the incident, C. F. asked him to leave the drive-through window open so that C. F. could get into the restaurant, but this witness refused to help C. F.

After the incident at the restaurant, C. F. told three witnesses that he was one of the people who attempted to rob the McDonald's. One of these prosecution witnesses testified at trial that C. F. told him about a week after the incident that he was the one who stuck the gun into the side of one of the employees. This same witness had previously spoken to police and informed them that C. F. had told him the day after the incident that he was the one who robbed the store with three other men, put a gun to the side of one of the employees, and did not speak during the robbery for fear that someone might recognize his voice. These spoken statements, as well as two more detailed written statements from this witness, were introduced by the prosecution as prior inconsistent statements. The statements were introduced through the testimony of the investigating police officer over objection from C. F.'s counsel.

Prior to the proceedings, C. F.'s father moved to another county, thereby making C. F. a resident of a different county from the county where the proceedings began. His prior home address was also located in a different county. After the juvenile court in the county where the proceedings began adjudicated C. F. delinquent for committing the charged offenses, the prosecution informed the court that it wanted the court to retain jurisdiction and proceed to disposition. The prosecution advised that it had already contacted the juvenile

court in the county where the father moved as well as in the county of C. F.'s previous address, and that the other courts had no problem with the original court proceeding to disposition at that time. The juvenile court judge then specifically asked if there were any objections to the court proceeding to disposition, and C. F. raised none.

1. C. F. concedes that the charged crimes were in fact committed, but argues on appeal that the evidence was insufficient to connect C. F. to the crimes as one of the perpetrators. We disagree and conclude that the evidence was sufficient.

C. F.'s admissions to several witnesses that he was the one who was planning to rob and actually did attempt to rob the McDonald's were corroborated by eyewitness testimony that C. F. left work in the same SUV that was driven by the perpetrators of the crime. In addition, the robber with the gun entered the McDonald's through the drive-through window, consistent with C. F.'s plan made at least the night before for one of the witnesses to leave the drive-through window open so that he could get in. The evidence was sufficient for the juvenile court to find, beyond a reasonable doubt, that C. F. committed the charged offenses. See *In the Interest of D. S.*, supra, 239 Ga. App. at 608.

2. C. F. further contends that the trial court erred by admitting the oral and written statements of a prosecution witness as prior inconsistent statements. We disagree.

"[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Moreover, a party may impeach its own witnesses with prior inconsistent statements. See *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993). The witness who took the stand for the prosecution made statements that were inconsistent with his prior statements to police and was available for cross-examination. The prosecution was free to use the prior inconsistent statements of this witness to impeach the witness and further develop the facts of this case. The trial court therefore did not err by admitting these statements.

3. C. F. also claims that the trial court erred by failing, pursuant to OCGA § 15-11-30 (b), to directly contact the juvenile courts of other counties where C. F. resided prior to proceeding to disposition. C. F. waived or induced any such error.

After being specifically asked whether he had any objections to the manner in which the juvenile courts of other counties had been informed of the proceedings, C. F. stated no objection and agreed to allow the original juvenile court to proceed to disposition without further inquiry to the juvenile courts of these other counties. The original juvenile court was not required to transfer the case to another

county for disposition once the case had been properly adjudicated in the county where the incident took place. See OCGA § 15-11-30 (b) ("[T]he adjudicating court may after adjudication of delinquency or unruliness retain jurisdiction over the disposition of the nonresident child or *may* transfer the proceeding to the county of the child's residence for disposition. Like transfer *may* be made if the residence of the child changes pending the proceeding.") (emphasis supplied). We discern no error from the juvenile court proceeding to disposition without requesting additional information from juvenile courts of other counties when C. F. himself acquiesced in this process. See *In the Interest of K. D. J.*, 246 Ga. App. 500, 502 (2) (540 SE2d 682) (2000) ("Induced error does not furnish a basis for reversal.") (footnote omitted).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 4, 2002.

*Webb, Lindsey, Collins, Jones & Wade, Martin C. Jones*, for appellant.

*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.