A08A1265. IN THE INTEREST OF C. R., a child.
(669 SE2d 193)

BARNES, Chief Judge.

After a hearing, the Juvenile Court of DeKalb County adjudicated C. R. delinquent for committing an act which, if committed by an adult, would constitute obstruction of a law enforcement officer, and sentenced her to 12 months of probation. C. R.'s motion for rehearing was denied; however, her subsequent motion for an out-of-time appeal was granted, and this appeal ensued.

C. R. asserts on appeal that the Department of Family and Children Services' ("DFACS") failure to comply with service provisions rendered her nonpenal civil arrest defective, that lack of probable cause rendered her criminal arrest defective, and that law enforcement officials were not engaged in the lawful discharge of their duties when she was arrested, so the obstruction charge cannot stand. Upon review, we affirm.

In reviewing a delinquency adjudication, "we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Citations and punctuation omitted.) *In the Interest of T. T.*, 236 Ga. App. 46 (1) (510 SE2d 901) (1999). "The evidence is examined under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings." (Citation omitted.) *In the Interest of C. F.*, 255 Ga. App. 620-621 (566 SE2d 387) (2002).

So viewed, the evidence demonstrates that C. R.'s mother contacted a protective services investigator with DFACS and told her that she could no longer control 14-year-old C. R., or her older sister. DFACS filed a deprivation petition, and the juvenile court issued a

summons and process to the mother which directed the mother to appear for a hearing on the petition, and ordered that the officer serving the summons pick up the girls for placement in a facility.

The investigator went to the home to execute the order, and C. R. refused to leave with her. A police officer was dispatched to assist the investigator, but C. R. still refused to accompany the DFACS investigator. When the officer told C. R. that she could either go with him or with DFACS, she refused and he physically took C. R. to his patrol car. C. R. refused to get into the car and kicked the door of the vehicle, but after some resistance, the officer placed her in the car and took C. R. to juvenile court intake.

1. C. R. first argues that DFACS failed to comply with statutory service provisions before taking her into custody, thus rendering her arrest defective. She maintains that neither DFACS nor the officer served her with the deprivation summons despite the provision in OCGA § 15-11-39 (b), which requires that summons and process be served upon "proper and necessary parties," including children over the age of 14. C. R. asserts that because the service of the summons upon her was a predicate to removal, all attempts by the officer to take her into custody were void because of the juvenile court's lack of jurisdiction.

Pursuant to OCGA § 15-11-39 (b), to commence juvenile court proceedings,

> [t]he court shall direct the issuance of a summons to the parents, guardian, or other custodian, a guardian ad litem, and any other persons who appear to the court to be proper or necessary parties to the proceeding, requiring them to appear before the court at the time fixed to answer the allegations of the petition. The summons shall also be directed to the child if he or she is 14 or more years of age or is alleged to be a delinquent or unruly child.

Pretermitting whether C. R. was properly served, thus providing the juvenile court jurisdiction over her, the issue on appeal is the legality of C. R.'s arrest for obstruction of the police officer, not the validity of the pick-up order. The elements of OCGA § 16-10-24 (a), obstructing law enforcement officers, are essentially that the act constituting obstruction or hindering was knowing and wilful and that the officer was lawfully discharging his official duties.

2. C. R. next contends that there was no probable cause for her arrest. She argues that when she refused to go with the police officer she was not in violation of a penal law, and without probable cause of violating a penal law, the officer could not place her under arrest. We do not agree.

Under OCGA § 16-10-24, a person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor. The officer was engaged in the discharge of the pick-up order, which C. R. resisted, thus providing probable cause for her arrest for obstruction. See *In re M. E. H.*, 180 Ga. App. 591, 594 (2) (349 SE2d 814) (1986).

In *Lindsey v. State*, 282 Ga. App. 644 (639 SE2d 584) (2006), we held that execution of an order to apprehend pursuant to a civil protective custody order does not constitute an arrest such that a search incident to arrest is authorized. Contrary to C. R.'s argument otherwise, nothing in *Lindsey* supports C. R.'s contention that the police were required to have probable cause to transport C. R. to the facility as directed by the juvenile court's pick-up order. Contrary to C. R.'s assertion, she was not arrested until she repeatedly resisted the officer's commands.

3. We also find no merit to C. R.'s contention that the police were not engaged in the lawful discharge of their official duties when they took her into custody.

Pursuant to OCGA § 15-11-49.1, "the court may endorse upon the summons an order that a law enforcement officer shall serve the summons and take the child into immediate custody and bring the child forthwith before the court." Here, the order directed that C. R. was to be taken "into immediate custody." Police responded to a call for assistance from the DFACS worker. Accordingly, the police were engaged in the lawful exercise of their duties when they arrested C. R.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2008.

*M. Muffy Blue*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney*, for appellee.