711 S.E.2d 48 (2011)
309 Ga. App. 470
In the Interest of J.W., a child.
No. A11A0491.
Court of Appeals of Georgia.
May 3, 2011.
Kimberly Ann Gross, Jonesboro, for appellant.
Scott L. Ballard, Dist. Atty., Christy Robert Jindra, Robert Wright Smith, Jr., David J. Younker, Asst. Dist. Attys., for appellee.
DOYLE, Judge.
J.W. appeals his delinquency adjudication for possession of a firearm by a convicted felon.[1] The sole issue on appeal is whether his previous juvenile delinquency adjudications for armed robbery and aggravated assault constitute "criminal convictions" sufficient to support a conviction or delinquency adjudication for possession of a firearm by a convicted felon under OCGA § 16-11-131(b). We hold that they do not and reverse.
In reviewing a delinquency adjudication, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The evidence is examined under the standard of Jackson v. Virginia,[2] with all reasonable *49 inferences construed in favor of the juvenile court's findings.[3]
So construed, the record shows that J.W. was charged with possession of a pistol or revolver by a person under 18 years of age[4] and possession of a firearm by a convicted felon. J.W. admitted that he was in possession of a firearm as a minor, and the case proceeded to a stipulated bench trial on the charge of possession of a firearm by a convicted felon. At the August 2010 hearing, the State relied upon an August 2009 commitment order indicating that J.W. had been adjudicated delinquent for committing armed robbery, aggravated assault, and battery.[5] J.W. argued that a juvenile delinquency adjudication did not constitute a felony conviction sufficient to support a charge of possession of a firearm by a convicted felon. The trial court disagreed and adjudicated J.W. delinquent on both charges.[6]
OCGA § 16-11-131, which is titled "Possession of firearms by convicted felons and first offender probationers," provides that "[a]ny person who is on probation as a felony first offender pursuant to Article 3 of Chapter 8 of Title 42 or who has been convicted of a felony by a court of this state or any other state . . . and who receives, possesses, or transports any firearm" commits the offense of possession of a firearm by a convicted felon.[7] The statute further provides that a "felony" for this purpose "means any offense punishable by imprisonment for a term of one year or more . . ."; the statute does not define the term "convicted."[8]
In A.B.W. v. State,[9] the Supreme Court of Georgia held that
a[j]uvenile [c]ourt cannot convict a juvenile of a crime as defined by Georgia [l]aw. A [j]uvenile [c]ourt convicts a child for being delinquent, and such an adjudication is not a conviction of a crime or crimes. . . . [T]he commitment of a juvenile to any authorized facility is not commitment for conviction of a crime. Such commitment is only for rehabilitation or treatment.[10]
Our Supreme Court has also stated that "[u]nder Georgia law, when a juvenile is adjudicated to be a delinquent by a juvenile court, the adjudication is not regarded as a criminal conviction."[11] Based on the unequivocal language of the Supreme Court, we conclude that an adjudication of delinquency does not constitute a criminal conviction sufficient to support a conviction or delinquency adjudication for possession of a firearm by a convicted felon.[12]
The fact that J.W.'s prior delinquency adjudication constituted a designated felony act under OCGA § 15-11-63 does not change our result. In In re L.C.,[13] the Supreme Court held that an order of restrictive custody under OCGA § 15-11-63, which lists designated felony acts for restrictive custody of juveniles adjudicated delinquent (including armed robbery and aggravated assault[14]), "is not sufficiently like a criminal adjudication to invoke a constitutional right to a trial by jury."[15] The Court noted that "although OCGA § 15-11-63 has some punitive aspects, *50 one of its primary functions is the treatment and rehabilitation of the child[,] and an adjudication under it is not a criminal conviction" and "does not impose any civil disability ordinarily resulting from a conviction nor operate to disqualify the child in any civil service application or appointment."[16]
The State relies upon In the Interest of D.T.C.,[17] in which we affirmed the juvenile court's conclusion that "D.T.C. committed an offense which, had D.T.C. been an adult, would constitute the crime of possession of a firearm during the commission of a felony described in OCGA § 16-11-106(b)(1)," rejecting D.T.C.'s argument that "because juveniles do not commit crimes but rather acts which would be crimes if committed by an adult, a juvenile cannot be adjudicated for a delinquent act if the definition of the crime (as it would be if committed by an adult) requires a finding of another included or coincident crime or felony."[18] Our holding in no way supports the State's argument in this case that a delinquency adjudication constitutes a criminal conviction, and the State's reliance thereon is misplaced.
Thus, we conclude that the evidence was insufficient to support J.W.'s delinquency adjudication for possession of a firearm by a convicted felon and reverse.
Judgment reversed.
ELLINGTON, C.J., and MILLER, P.J., concur.
NOTES
[1] OCGA § 16-11-131(b).
[2] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[3] (Citations and punctuation omitted.) In the Interest of C.R., 294 Ga.App. 164, 669 S.E.2d 193 (2008).
[4] OCGA § 16-11-132(b).
[5] J.W. did not challenge the evidence relied upon by the State to establish his prior delinquency adjudication.
[6] On appeal, J.W. does not challenge his adjudication of delinquency for possession of a pistol or revolver by a person under 18 years of age.
[7] OCGA § 16-11-131(b).
[8] OCGA § 16-11-131(a)(1).
[9] 231 Ga. 699, 203 S.E.2d 512 (1974).
[10] (Emphasis supplied.) Id. at 701-702(II), 203 S.E.2d 512.
[11] Carrindine v. Ricketts, 236 Ga. 283, 284, 223 S.E.2d 627 (1976).
[12] We note that any expansion of OCGA § 16-11-131 (b) to include juvenile delinquency adjudications "must come from the legislature, as it alone is entrusted with the authority to amend existing laws." Abdulkadir v. State, 279 Ga. 122, 124(2), 610 S.E.2d 50 (2005), superseded by statute on other grounds as stated in Krirat v. State, 286 Ga.App. 650, 653(1), 649 S.E.2d 786 (2007).
[13] 273 Ga. 886, 548 S.E.2d 335 (2001).
[14] See OCGA § 15-11-63(a)(2)(B)(ii).
[15] In re L.C., 273 Ga. at 889(1), 548 S.E.2d 335.
[16] (Punctuation omitted.) Id. at 888-889(1), 548 S.E.2d 335.
[17] 226 Ga.App. 364, 487 S.E.2d 21 (1997).
[18] (Punctuation and emphasis omitted.) Id. at 367(4), 487 S.E.2d 21.