## A11A0646. IN THE INTEREST OF D. D., a child.

(713 SE2d 440)

DILLARD, Judge.

D. D. was adjudicated delinquent in Rockdale County Juvenile Court for committing sexual battery against a classmate at his middle school. He appeals his adjudication, claiming that the evidence of sexual battery was insufficient and that the juvenile court improperly engaged in ex parte communications with a State witness. For the reasons noted infra, we affirm the juvenile court's delinquency adjudication on condition and remand this case with direction.

Viewing the evidence in the light most favorable to the juvenile court's adjudication,[1] the record shows that D. D. and the victim, M. T., were sixth-grade students at the same middle school when 11-year-old D. D. approached M. T. at her locker and touched her left breast for approximately two seconds. Although M. T. did not say anything in response, or otherwise react (perhaps out of shock), she informed her mother about the incident later that day. M. T. testified that she did not immediately approach her teacher because she "felt violated" and as if she should first tell her parents about what had happened. Her parents then informed the school, and M. T. spoke to the school resource officer and made a written statement the following day. Two days later, a complaint for misdemeanor sexual battery was filed in the Rockdale County Juvenile Court with the school resource officer listed as the complainant, and D. D. was thereafter charged by the State with felony sexual battery.[2]

Shortly before his adjudicatory hearing on the sexual-battery charge, D. D. was also charged with bringing a weapon to school, a felony, after another student witnessed him with "a folding tool kit which contained a silver colored knife blade." D. D. admitted to this subsequent charge, claiming that he had gone fishing with his father the day before and had forgotten that the tool was in his jacket pocket, but he continued to adamantly deny the sexual-battery charge.

As to the sexual-battery charge, M. T. testified that she was certain that D. D. had intentionally touched her breast because, although the area was crowded and it was not uncommon for students to brush up against each other in the school's hallways, she was face-to-face with D. D. when he touched her breast and smirked at her before walking away. M. T. also testified about her prior

---

[1] *E.g., In the Interest of C. R.*, 294 Ga. App. 164, 164 (669 SE2d 193) (2008).

[2] Although sexual battery is generally a misdemeanor of a high and aggravated nature, sexual battery "against any child under the age of 16 years" is a felony. *See* OCGA § 16-6-22.1 (c), (d).

difficulties with D. D., namely incidents when he took her pencils in class, kicked her backpack and purse down the hallway, kicked her textbooks, and made unwanted flirtatious noises toward her.

In his defense, D. D. testified that he did not remember touching M. T. and that, if he had, it was unintentional and due to the crowded nature of the hallway, in which students sometimes must push their way through the locker area. When questioned about his prior interactions/difficulties with M. T., D. D. explained that he had previously kicked her belongings for no reason but that he was attempting to return her pencils when he picked them up from the classroom floor.

After hearing the testimony by M. T. and D. D., the judge adjudicated D. D. delinquent, finding him responsible for sexual battery beyond a reasonable doubt. The sexual battery and weapon cases were then transferred to DeKalb County Juvenile Court for disposition because during the course of the proceedings, the Rockdale County Juvenile Court discovered that while D. D. had been living with his father and grandmother in Rockdale County since he was two months old, his father had never legitimated D. D. And as a result, the court determined sua sponte that D. D. should live with his mother at her residence in DeKalb County and attend DeKalb County schools. D. D.'s cases were then transferred for disposition to DeKalb County,[3] where the juvenile court followed the State's sentencing recommendations, which included (1) one year on probation, with potential for early release;[4] (2) residing with his mother in DeKalb County and staying out of Rockdale County; (3) a $100 supervision fee; (4) participation in any counseling deemed necessary; and (5) the potential for boot camp if D. D. violated his conditions. This appeal follows.[5]

1. D. D. contends the evidence was insufficient to adjudicate him delinquent for committing sexual battery against M. T. We disagree.

In reviewing delinquency adjudications,[6] "we construe the evi-

---

[3] See generally In the Interest of R. W., 186 Ga. App. 885, 885 (368 SE2d 824) (1988) (addressing the transfer of a case for disposition of a nonresident child); see also OCGA § 15-11-30 (transfer of juvenile cases to county of residence).

[4] D. D. had also been placed in various detention facilities during the proceedings —including the time between his adjudication of delinquency and the eventual disposition of his cases.

[5] While the transfer of this case from Rockdale County to DeKalb County may have contributed to the delay, we note that the State's brief was filed only after this Court twice ordered same. We pause to remind the State that it is explicitly required to file a responsive brief in all criminal appeals, and failure to timely file such a brief may result in nonconsideration or contempt. See Ct. App. R. 13; Ct. App. R. 23 (b).

[6] See OCGA § 16-3-1 ("A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime.").

dence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged."[7] And under this standard of review, the evidence against D. D. was sufficient to adjudicate him delinquent for felony sexual battery.

Sexual battery is committed when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person,"[8] and a female's breasts are unquestionably included within the statute's definition of "intimate parts."[9] In the case sub judice, the juvenile court was faced with conflicting testimony as to what occurred between M. T. and D. D., and "conflicts in the testimony are a matter of credibility for the trier of fact to resolve."[10] Indeed, so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the [adjudication] will be upheld."[11] Accordingly, the trial court was faced with sufficient evidence to find that D. D. was responsible for a sexual battery against M. T., a classmate under the age of 16, by intentionally making unwanted physical contact with her breast.[12] However, our conclusion that the evidence was sufficient to uphold the juvenile court's adjudication may, nevertheless, be impacted on remand by our decision in Division 2 of this opinion.

2. D. D. next argues that the juvenile court engaged in impermissible ex parte communications with a State witness prior to D. D.'s adjudicatory hearing, requiring reversal. Due to inadequacies and ambiguities in the record, we must remand this issue to the juvenile court for further inquiry and a hearing on this matter.

The communication in question is an e-mail sent to the juvenile-court judge by the middle school resource officer, who testified at a

---

[7] *E.g., In the Interest of C. R.*, 294 Ga. App. 164, 164 (669 SE2d 193) (2008) (citation and punctuation omitted).

[8] OCGA § 16-6-22.1 (b).

[9] OCGA § 16-6-22.1 (a).

[10] *In the Interest of J. L. B.*, 280 Ga. App. 556, 560 (5) (634 SE2d 514) (2006) (citation and punctuation omitted).

[11] *Id.; see also In the Interest of C. R.*, 294 Ga. App. at 164 ("The evidence is examined . . . with all reasonable inferences construed in favor of the juvenile court's findings." (citation and punctuation omitted)).

[12] *See In the Interest of J. L. B.*, 280 Ga. App. at 560 (5) (sufficient evidence of sexual battery when juvenile "ran up behind [victim], grabbed her breasts, crotch, and buttocks, and tried to push her down"); *Gore v. State*, 251 Ga. App. 461, 461-63 (1) (554 SE2d 598) (2001) (sufficient evidence of sexual battery when man pinched girls' breasts and buttocks); *Thompson v. State*, 245 Ga. App. 396, 398 (3) (537 SE2d 807) (2000) (sufficient evidence of sexual battery when man touched girl's buttocks as she emerged from swimming pool); *Kelley v. State*, 233 Ga. App. 244, 245, 246-47 (1) (503 SE2d 881) (1998) (sufficient evidence of sexual battery when man touched girl's breasts while she showered).

detention hearing the day before D. D.'s adjudicatory hearing but *not* at the adjudicatory hearing (though he was present at this second hearing).[13] The body of the e-mail reads as follows:

> I relayed your message to the school administrators at [D. D.'s middle school]. They wished me to relay to you that they thank you and they appreciate your thoughts regarding this morning's juvenile hearing.
>
> [A school administrator] said that they have been lied to. He said that certain information in writing has been given to the grandmother and [f]ather of [D. D.] several times with either "no response whatsoever[,"] or "stories" as it relates to [D. D.] being enrolled in Rockdale County Public Schools. They are happy with your statement to the mother that [D. D.] should be enrolled in Decatur City public schools where he will be residing at.

D. D. asserts that this e-mail not only constitutes an ex parte communication in and of itself but that it also makes reference to a separate communication, the contents of which are unknown. This communication merits further investigation because the school resource officer was the complainant in both charges filed against D. D., the evidence against D. D. was entirely based on a credibility determination by the judge, and the e-mail suggests that the judge both directly and indirectly communicated with representatives from the school D. D. was ultimately ordered to no longer attend.[14] We also note that ex parte communications are presumptively harmful error.[15] But given the current state of the record,[16] we must remand this case to the juvenile court for consideration of the following issues: (1) when D. D. first learned of this e-mail commu-

---

[13] Although requested by D. D. and later by this Court, the clerk of court failed to timely transmit the transcript of the detention hearing. This transcript should be obtained and reviewed by the juvenile court on remand.

[14] *Cf. Johnson v. State*, 278 Ga. 344, 346-48 (3) (602 SE2d 623) (2004) (judge's conduct, including ex parte communication with prosecutor during trial, resulted in an impression of bias, requiring reversal). *Compare In re Martin*, 218 Ga. App. 79, 80 (1) (460 SE2d 304) (1995) (holding that ex parte letter sent to judge by witness was not harmful error when there was no suggestion that the judge responded in any manner or any indication that the judge gave the letter consideration).

[15] *See* Unif. Sup. Ct. R. 4.1 ("[J]udges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding."); *see also City of Pendergrass v. Skelton*, 278 Ga. App. 37, 39 (1) (628 SE2d 136) (2006) ("Ex parte communications are presumed to have been in error.").

[16] We also note that the issue of the propriety of this communication appears to have been raised for the first time on appeal.

nication and whether a waiver has occurred;[17] and if a waiver has not occurred, (2) whether the State is nevertheless capable of rebutting the presumption of error through affidavits, sworn testimony, or other evidence.[18] If on remand the juvenile court concludes that D. D. has not waived this issue, and the State fails to rebut the presumption that the ex parte communication at issue was presumptively harmful, D. D.'s adjudication of delinquency must be vacated and he must be readjudicated before a different judge.[19]

Accordingly, for all the foregoing reasons, we affirm D. D.'s adjudication on condition and remand this case to the juvenile court with direction.

*Judgment affirmed on condition and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 29, 2011.

*Ford & Harrison, Julie D. Loring, Stephen M. Reba,* for appellant.

*R. Javoyne Hicks White, District Attorney, Cynthia M. Zurawsky, Assistant District Attorney,* for appellee.

---

[17] *See Ga. Power Co. v. Ga. Pub. Serv. Comm'n*, 196 Ga. App. 572, 572-73 (1) (396 SE2d 562) (1990) (holding that complaint of ex parte communication had been waived on appeal when party did not raise the issue at the first opportunity); *see also In re Martin*, 218 Ga. App. at 80 (1) (suggesting that waiver may have occurred when no objection was raised below). Here, the record reflects that the e-mail was received by the judge and filed with the clerk of court the day before the adjudicatory hearing, but there is no indication in the record as to when D. D. first learned of this communication.

[18] *Cf. Stephens v. State*, 270 Ga. 354, 360 (4) (509 SE2d 605) (1998) (explaining that on prior remand for a hearing on the issue of ex parte communication, State presented testimony regarding alleged ex parte communication and trial court examined relevant documents).

[19] *See Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570, 574 (1) (662 SE2d 533) (2008) (reversing when judge clearly based decision on ex parte communications); *Arnau v. Arnau*, 207 Ga. App. 696, 696 (1) (429 SE2d 116) (1993) (same); *Osgood v. Dent*, 167 Ga. App. 406, 409-10 (2) (306 SE2d 698) (1983) (same); *see also Roylston v. Conway*, 251 Ga. App. 648, 652 (1) (555 SE2d 28) (2001) ("Reliance upon a document, unsworn statements, and ex parte conversations not in evidence was harmful error and highly prejudicial[.]"). *Compare Yates v. Dublin Sir Shop, Inc.*, 260 Ga. App. 369, 372 (3) (579 SE2d 796) (2003) (no error when trial court stated in its order that it did not initiate ex parte communication, the parties were equally responsible for the communication, and the information was not relied upon or considered in making its final order); *Stinchcomb v. State*, 192 Ga. App. 8, 8-10 (383 SE2d 609) (1989) (no error when judge engaged in ex parte communication with attorney regarding assignment of case, not an issue relevant to ultimate decision).