**UNITED STATES of America,**

v.

**Jose G. HERNANDEZ–GONZALEZ, Defendant.**

**Case No. 5:11–CR–53 (MTT).**

United States District Court, M.D. Georgia, Macon Division.

Jan. 31, 2012.

George R. Christian, Macon, GA, for United States of America.

## ORDER

MARC T. TREADWELL, District Judge.

This matter is before the Court on the Defendant's Objection to the Presentence Investigation Report. (Doc. 25). Specifically, the Defendant objects to a 16–level enhancement based on the Defendant's conviction for the Georgia offense of sexual battery (victim under sixteen). O.C.G.A. § 16–6–22.1(d).

In 2005, the Defendant was arrested on charges of child molestation in violation of O.C.G.A. § 16–6–4 and sexual battery in violation of O.C.G.A. § 16–6–22.1(d). Presumably as the result of a plea agreement, the child molestation charge was reduced to sexual battery involving a victim under sixteen and the initial sexual battery charge was nolle prossed. The Defendant pled guilty and was sentenced to five years' probation. The Defendant's probation was later revoked, and he began serving his sentence on September 12, 2008. After being "found" at the Georgia Diagnostic and Classification Prison on June 4, 2011, the Defendant was indicted on charges of illegal reentry. 8 U.S.C. § 1326(a). On September 28, 2011, the Defendant pled guilty to that charge.

Prior to his change of plea, the Defendant had entered into a plea agreement which contained an appeal waiver. When the Probation Office concluded that the Defendant's sexual battery conviction required a 16–level enhancement, the Defendant moved to be relieved from the Plea Agreement, primarily because he was concerned that his appeal waiver would preclude an appeal if the Court agreed that an enhancement was appropriate. (Doc. 26). The Government eventually consented to

the Motion, and the Court granted the Motion at the sentencing hearing.

Illegal reentry carries a base level of eight. U.S.S.G. § 2L1.2(a). However, if a defendant has been convicted of a "crime of violence," the United States Sentencing Commission Guidelines provide for a 16–level enhancement. U.S.S.G. § 2L1.2(b)(1)(A)(iii). If a defendant has been convicted of an "aggravated felony," the Guidelines provide for an 8–level enhancement. U.S.S.G. § 2L1.2(b)(1)(C). Oddly enough, the Guidelines Application Notes define both crime of violence and aggravated felony to include the category of crimes of "sexual abuse of a minor." In its Presentence Investigation Report, the Probation Office concluded that the Defendant's conviction for sexual battery (victim under sixteen) required a 16–level enhancement because the conviction fell with the category of sexual abuse of a minor.

The Defendant's objection, which applies to both a 16–level enhancement and an 8–level enhancement, raises the question of whether a conviction under Georgia's sexual battery statute, when the victim is under sixteen, substantially corresponds to sexual abuse of a minor, as that term is used in the Guidelines Application Notes.

■ The Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), provides the general framework for determining whether an underlying offense falls within a category of crimes found in the Guidelines and thus can be used to enhance a sentence. First, the sentencing court should only look to the "fact of conviction and the statutory definition of the prior offense" and not the underlying facts of the particular offense. *Id.* at 602, 110 S.Ct. 2143. *See also United States v. Harris*, 608 F.3d 1222, 1232–33 (11th Cir.2010) ("We have been instructed to take a categorical approach, so that '[i]n determining whether this crime is a violent felony, we

consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'") (quoting *Begay v. United States*, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)) (alteration in original).

In narrow situations, sentencing courts can apply what has been called a modified categorical approach and use other evidence to determine whether "a jury was actually required to find all the elements of generic burglary," the category of crime at issue in *Taylor.* 495 U.S. at 602, 110 S.Ct. 2143. In *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Court held that when applying the modified categorical approach from *Taylor*, "a later court ... is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." The Court expressly held that a sentencing court may not look to police reports or complaint applications. *Id.*

For both the categorical and the modified categorical approach, the second step requires the sentencing court to determine whether the "statutory definition [of the underlying offense] substantially corresponds to [the Guidelines offense category], or the charging papers and jury instructions actually required the jury to find all the elements of [the Guidelines offense category] in order to convict the defendant." *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143.

■ Thus, even though a defendant's alleged conduct leading to the underlying conviction might seem to fall within a Guidelines offense category, the relevant inquiry is whether the elements of the crime for which a defendant was convicted

substantially correspond to the Guidelines offense category. This is because even though a defendant's conduct might satisfy a particular element of the Guidelines offense category, if the underlying offense did not include that element, then a conviction for that offense does not establish that the defendant actually engaged in the conduct that would satisfy an element of the Guidelines offense category.

■ Using that framework, the Court turns to the question of whether the Defendant's conviction of sexual battery (victim under sixteen) substantially corresponds to sexual abuse of a minor, as that term is used in the Application Notes to U.S.S.G. § 2L1.2(b)(1). The Eleventh Circuit addressed the meaning of sexual abuse of a minor in this context in *United States v. Padilla–Reyes*, 247 F.3d 1158 (11th Cir.2001). In *Padilla–Reyes*, the defendant contended that the Florida offense of "lewd, lascivious, or indecent assault or act upon or in the presence of a child" did not substantially correspond with sexual abuse of a minor because the Florida offense did not include physical contact as an element of the offense. The Eleventh Circuit rejected the defendant's argument that the Guidelines incorporated the federal definition of the crime of sexual abuse of a minor, which is codified at 18 U.S.C. § 2243(a) and which does require physical contact. Rather, the Eleventh Circuit looked to "the ordinary, common and contemporary meaning of 'sexual abuse of a minor.'" *Padilla–Reyes*, 247 F.3d at 1164. Webster's Third New International Dictionary Eight (3d ed. 1981), the Court noted, defined "sexual" to include "'of or relating to the sphere of behavior associated with libidinal gratification.'" *Id.* at 1163. Black's Law Dictionary defined sexual abuse as "'[a]n illegal sex act, esp[ecially]

one performed against a minor by an adult.'" *Id.* (alteration in original). Rejecting the defendant's argument that sexual abuse of a minor encompassed only physical acts, the Eleventh Circuit held that "the phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Id.* While the Eleventh Circuit has since acknowledged that *Padilla–Reyes* may not have "fully defined the contours of the generic offense of 'sexual abuse of a minor,'" it is clear that *Padilla–Reyes* requires that the underlying offense include an element requiring conduct performed for a sexual purpose. *United States v. Casillas–Cantero*, 426 Fed.Appx. 804, 806 n. 2 (11th Cir.2011).[1] Indeed, a common thread in all decisions considering whether various state statutes substantially correspond with the elements of sexual abuse of a minor has been that the state statutes expressly proscribed sexual conduct. *See United States v. Ramirez–Garcia*, 646 F.3d 778 (11th Cir.2011) (affirming crime of violence enhancement under North Carolina statute requiring conduct to be "for the purpose of arousing or gratifying sexual desire" or "lewd or lascivious"); *United States v. Olalde–Hernandez*, 630 F.3d 372 (5th Cir.2011) (affirming crime of violence enhancement under Georgia statute requiring actions to be "with the intent to arouse or satisfy the sexual desires of either the child or the person"); *United States v. Diaz–Ibarra*, 522 F.3d 343 (4th Cir.2008) (affirming crime of violence enhancement under Georgia statute requiring actions to be "with the intent to arouse or satisfy the sexual desires of either the child or the person"); *Padilla–Reyes*, 247 F.3d 1158 (affirming aggravated felony enhancement

---

1. "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

under Florida statute requiring actions to be "lewd, lascivious, or indecent").

Given the Eleventh Circuit's definition of sexual abuse of a minor, the resolution of the Defendant's objection becomes relatively easy. The common definition includes as an element that the conduct be "for a purpose associated with sexual gratification." The Georgia offense of sexual battery does not include this as an element. To put it another way, the prosecution need not prove any sexual intent or purpose to obtain a conviction, and a defendant could not assert as a defense to a charge of sexual battery that his motive was not sexual in nature. Therefore, the Georgia crime of sexual battery does not substantially correspond to the common definition of sexual abuse of a minor.[2]

This conclusion is buttressed by the fact that Georgia, in a separate statute, provides for the offense of child molestation; indeed, this is the crime for which the Defendant was initially indicted, but as to which he did not plead guilty. (Doc. 30–1, at 1–3). That offense includes as an element that the conduct at issue must have been done "with the intent to arouse or satisfy the sexual desires of either the child or the person ..." O.C.G.A. § 16–6–4(a)(1) & (2). Thus, Georgia's General Assembly has made illegal conduct that falls within the common definition of sexual abuse of a minor, at least with regard to the element of sexual desire or gratification, but has also decided to proscribe, in O.C.G.A. § 16–6–22.1, some acts with a child under the age of sixteen whether or not committed for a sexual purpose.

██ The Government, however, urges the Court to apply the modified categorical approach and examine *Shepard*-approved documents to determine whether the Defendant's state conviction warrants an enhancement. The Court finds that the modified categorical approach is not applicable. Generally, a sentencing court may use the modified categorical approach when the state statute proscribes both conduct that falls within a particular category of crimes and conduct that does not. The modified categorical approach would be appropriate if, for example, a state statute defined sexual battery to include conduct motivated by sexual desire or conduct motivated for some other reason. In that hypothetical, a sentencing court could examine *Shepard*-approved documents to determine whether a defendant's conviction was based upon a finding that his conduct satisfied the element of the offense requiring sexual motive. As discussed, that is not the case here. O.C.G.A. § 16–6–22.1 simply does not require as an element that a defendant was motivated by sexual desire or gratification; a defendant need only to have made intentional physical contact with an "intimate part" of the victim's body.

██ Moreover, even if it were appropriate for the Court to examine the underlying facts of the Defendant's state conviction, no *Shepard*-approved document reveals whether the Defendant's

---

2. The fact that the Georgia General Assembly labeled the offense "sexual battery" does not affect this analysis. Notwithstanding this title, nothing in the elements of the offense requires that a defendant's conduct be associated with libidinal gratification or, indeed, be in any way sexual in nature. Nor does Georgia, in practice, limit prosecutions for sexual battery to conduct associated in some way with sexual desire or gratification. In *In re*

*D.D.*, 310 Ga.App. 329, 713 S.E.2d 440 (2011), the Georgia Court of Appeals affirmed a delinquency adjudication based on felony sexual battery of an 11–year–old boy who touched a classmate's breast for approximately two seconds in a crowded hallway. Experts have called such prosecutions a "part of an emerging national trend." Scott James, *A Touch During Recess, and Reaction is Swift*, N.Y. Times, Jan. 27, 2012, at A19A.

conduct was motivated by sexual desire or gratification. The police incident report arguably suggests that this may have been the case, but police incident reports are not *Shepard*-approved documents. *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254. The Government argues that the Presentence Investigation Report can be reviewed for this purpose, but the Presentence Investigation Report here relies upon the police incident report to reach the conclusion that the Defendant's conduct constituted sexual abuse of a minor. Clearly, this Court cannot do indirectly what the Supreme Court has proscribed directly.

In any event, this argument circles around to the same point. The point of examining the underlying documents is to determine whether a jury or a court necessarily found that a defendant's conduct satisfied an element of an offense that substantially corresponds with an element of the Guidelines offense category. Neither the police incident report nor a Presentence Investigation Report can establish that here because the state sentencing court, when it accepted the Defendant's plea, was not required to find that his conduct was sexual in nature.

■ However, the fact that the underlying offense may not require a particular Guidelines enhancement does not mean that the conduct associated with that offense cannot be considered by the sentencing court. The Supreme Court in *Taylor* noted that the Government "may still present evidence of the defendant's actual prior criminal conduct, to increase his sentence ... under the Federal Sentencing Guidelines." 495 U.S. at 602 n. 10, 110 S.Ct.

2143. For the reasons set forth herein, the Defendant's objection is **SUSTAINED.**