# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-40849
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALFREDO LANDAVERDE-ESCALANTE,

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-238-1

———

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Carlos Alfredo Landaverde-Escalante appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation. He argues that the district court erred in imposing a 16-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 2013 Georgia conviction for sexual battery against a child under 16 years of age and that the district court erred in treating his prior offense as an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40849

"aggravated felony" under 8 U.S.C. § 1326(b)(2).  He asserts that (1) the offense does not have as an element the use, attempted use, or threatened use of physical force against another person; (2) the offense is not sexual abuse of a minor because it is not "sexual," as the offense does not have sexual gratification as an element; and (3) the offense is not a forcible sex offense for the same reasons.

Because Landaverde-Escalante did not object to the enhancement in the district court, review is limited to plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).  To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

We have not previously addressed whether a Georgia conviction for sexual battery of a minor constitutes sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii).  When case law is unsettled, we typically will not hold that an error is clear or obvious.  *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010); *United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011).  Landaverde-Escalante cites to an opinion of a Georgia federal district court, but he does not cite to an opinion of this court or any other circuit court supporting his claim.  *See United States v. Hernandez-Gonzalez*, 842 F. Supp. 2d 1373, 1376-77 (M.D. Ga. 2012).  Given that the case law concerning this issue is unsettled, the district court did not plainly err in imposing a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) based on the determination that Landaverde-Escalante's Georgia conviction for sexual battery of a minor constituted sexual abuse of a minor.  *See Trejo*, 610 F.3d at 319; *Miller*, 665 F.3d at 136.  Moreover, because

2

No. 14-40849

we use the same analysis to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of both § 2L1.2 and § 1326(b)(2), *see United States v. Najera-Najera*, 519 F.3d 509, 512 n.2 (5th Cir. 2008), Landaverde-Escalante also has not shown plain error in the characterization of his offense as involving an "aggravated felony" under § 1326(b). *See Puckett*, 556 U.S. at 135.

AFFIRMED.