**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 29, 2017**

# In the Court of Appeals of Georgia

A17A0788. IN THE INTEREST OF A. C., a child.

McMILLIAN, Judge.

A. C. appeals his adjudication of delinquency by the juvenile court on one count of theft by receiving stolen property. As his sole enumeration of error, A. C. asserts that the evidence was insufficient to support the juvenile court's determination. We disagree and affirm.

In reviewing the delinquency adjudication in this case, "we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Citation and punctuation omitted.) *In the Interest of D. D.*, 310 Ga. App. 329, 330-31 (1) (713 SE2d 440) (2011). We must also "keep[] in mind that it is for the trier of fact, not this

Court, to weigh this evidence, resolve any conflicts in the evidence, and assess the credibility of witnesses." (Citations and punctuation omitted.) *In the Interest of H. A.*, 311 Ga. App. 660, 661 (716 SE2d 768) (2011).

So viewed, the evidence showed that a white GMC 2500 was stolen from Allen Strickland's business at approximately 2:00 a.m. on the morning of April 17, 2015. The next day, a lieutenant with the Valdosta Police Department, while responding to a reported burglary in progress, was notified to be on the lookout for a white pickup truck in the area of the purported burglary. The lieutenant spotted a truck matching the description in the report and began to follow it. He lost sight of the truck briefly, and when he saw it again it was sitting empty in the street, with the doors on both the passenger's and driver's sides standing open. The lieutenant then observed two males running northwest, about 50 to 100 feet away, one of whom was wearing a red T-shirt and light-colored blue jean shorts. He called in his location and a description of what he had observed, including the suspects' clothing.

An officer with the Valdosta Police Department heard the lieutenant's description of the two male suspects. He was also on the way to the burglary-in-progress call, with his police dog, and thus he was in the lieutenant's vicinity. Within 20-30 seconds of hearing the description, the officer spotted A. C., wearing a red

shirt, red socks, and light-colored shorts, walking by the side of nearby railroad tracks, approximately 40 yards from where the truck was abandoned. A number of railroad employees, who were working within sight of the abandoned truck, were pointing to A. C. The officer jumped out of his police car and deployed his police dog to track A. C. When they caught up with A. C., the officer placed him in handcuffs. Another officer returned A. C. to the location of the truck, where the lieutenant was still processing the scene. The lieutenant testified that A. C. looked like one of the males he saw running away from the truck, "down to the clothing" he was wearing. The white truck was later identified as the one taken from Strickland's business. Based on this evidence, the juvenile court adjudicated A. C. guilty on the charge of theft by receiving the stolen GMC truck.[1]

A. C. argues that this evidence was insufficient to support the juvenile court's adjudication of delinquency because it merely showed his presence in the vicinity of the truck. "Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after

---

[1] The juvenile court also found A. C. not guilty on one count of burglary of a residence and a separate count of theft by receiving a second truck that was stolen at the same time as the GMC truck, finding the evidence presented on those charges insufficient.

the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation and punctuation omitted.) *In the Interest of B. R.*, 289 Ga. App. 6, 7 (1) (656 SE2d 172) (2007). Thus, for example, "flight is always a circumstance which may be considered in determining the guilt or innocence of an accused." Id.

Here, the lieutenant observed two males running from a stolen truck, which had been left in the street with its doors hanging open, and conveyed their description to other officers, who, within seconds, observed A. C. wearing clothing matching the description and walking within sight distance of the truck. The lieutenant later confirmed that A. C. and his clothing matched the individual he had seen running away from the stolen truck. We find that the evidence was sufficient to support the trial court's adjudication of delinquency based on the charge of theft by receiving the GMC truck. See *In the Interest of R. J. S.*, 277 Ga. App. 74, 75 (625 SE2d 485) (2005) (finding evidence sufficient where juvenile fleeing the scene was apprehended by police based on clothing description and victims subsequently identified juvenile based on that clothing); *In the Interest of S. D. T. E.*, 268 Ga. App. 685, 687 (1) (603 SE2d 316) (2004) (witness testimony identifying juvenile by his clothing as one of

4

the individuals who had fled the scene where stolen cars were located sufficient to show he was a party to the crime).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.